## J. M. ANDERSON v. L. N. CASSADAY AND ANOTHER.

In 1861, V. brought suit in the District Court against W. on a note, and joined W.'s son as a co-defendant; and in 1867, in accordance with his prayer, he recovered judgment on the note and also a decree annulling a fraudulent conveyance of land made by W. to his son and co-defendant. At a sale under this decree, the land was purchased by A., the present plaintiff and appellant. While V.'s suit was pending in the District Court, another creditor recovered a money judgment against W. in a justice's court, and under this judgment the land was sold before the rendition of V.'s judgment and decree by the District Court. *Held*, that the title acquired at this sale under the justice's judgment is good as against the plaintiff. But if V.'s suit, under which plaintiff claims, had been to enforce a pre-existing title to or lien on the land, the result would be otherwise.

APPEAL from McLennan. Tried below before the Hon. J. W. Oliver.

The opinion states the material facts.

*F. H. Sleeper*, for the appellant.

*A. J. Evans*, for the appellees.

WALKER, J. The litigant parties in this case deraign their titles from a common source.

On the 21st day of May, 1861, one A. M. Veal brought suit in the District Court of McLennan county, against W. W.

Williamson and his son, John Williamson. The plaintiff demanded judgment for about two hundred and seventy-five dollars against the elder Williamson, and also charged in his petition that Williamson had made a fraudulent conveyance of the lot in controversy to his son John, which conveyance the plaintiff prayed should be set aside, and the lot subjected to the payment of his debt. This suit was continued from time to time in the District Court, until May, 1867, when Veal obtained a judgment against Williamson for upwards of four hundred dollars, and a decree setting aside the deed to John Williamson, and subjecting the land to the payment of the judgment. Execution issued, and in October, 1868, the property was sold, and Anderson, the appellant, became the purchaser.

But in the meantime, pending Veal's action, James Harris obtained a judgment in a justice's court against W. W. Williamson, and on the 2d of July, 1861, the land was sold at constable's sale, and purchased by Harris, from whom the appellees derive title.

The only question presented for our consideration is as to the superiority of these titles. Had Veal, in his suit, claimed title to the land, and afterwards obtained a decree in his favor on such claim of title, or had he possessed a judgment lien against the property of W. W. Williamson, and afterwards obtained a decree setting aside the fraudulent conveyance from W. W. Williamson, there can be no doubt his lien would have been preserved, and would have overrode all subsequent liens. But such was not the case. Veal was simply a creditor seeking to enforce his rights against the Williamsons; he had no judgment at law, nor lien of any kind, by which to hold the property of W. W. Williamson until he could have the fraudulent conveyance to John Williamson set aside.

Harris's demand being less than Veal's, and within the jurisdiction of the justice's court, enabled him to get a judgment and sell the property before Veal's claim could be reduced to judgment; and Veal having no pre-existing claim to the property, it was simply a contest between two creditors, and Harris

succeeded in getting the earliest lien, sold the property, and purchased it himself.

There being nothing urged against the regularity or validity of either of the execution sales, we are compelled to regard the first sale as having passed the title to the purchaser Harris; and his vendees must be protected.

The doctrine of *lis pendens*, as urged by counsel for appellant in their very able briefs, can have no application in this case; but, as already intimated, the doctrine would apply if Veal, at the commencement of his suit, had had a judgment lien, or any other claim of title, afterwards established and made good by a court of equity.

The judgment of the District Court is affirmed.

Affirmed.