RYMAN et al. v. PETRUKA.   (No. 5274.)

(Court of Civil Appeals of Texas.  San Antonio.
April 29, 1914.)

1. LIMITATION OF ACTIONS (§ 99*)—SUIT TO
SET ASIDE—FRAUD.

Where a grantee in a deed, duly acknowl-
edged, delivered, and recorded, went into pos-
session and dealt with the property as his own,
the right of the grantors to sue to set aside the
deed on the ground of fraud was barred by lim-
itations, where the grantors took no action dur-
ing their lifetime, though they lived more than
five years, in the absence of anything to show
that they did not know of the fraud at the time
of the execution of the deed.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. §§ 477–479; Dec. Dig. §
99.*]

2. ACKNOWLEDGMENT (§ 62*)—IMPEACHMENT.

Where a deed executed by husband and
wife was acknowledged in proper form, and
the notary who took the wife's acknowledg-
ment testified that he acquainted her with the
contents of the deed, evidence that the wife,
who was Polish, could not talk much English,
and that the notary could not talk Polish, did
not justify the setting aside of the deed.

[Ed. Note.—For other cases, see Acknowledg-
ment, Cent. Dig. §§ 345–347; Dec. Dig. § 62.*]

3. LIMITATION OF ACTIONS (§ 103*)—EXIST-
ENCE OF TRUST—REPUDIATION.

Where parents holding property in trust
as common family property of all the children,
conveyed it to a son, and the deed was duly ac-
knowledged, delivered, and recorded, and the
son entered into possession and dealt with the
property as his own, a suit by the other chil-
dren to set aside the deed brought over nine
years after the execution and recording of the
deed, and the taking of possession by the son,
was barred by limitations.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. §§ 500, 506–510; Dec.
Dig. § 103.*]

4. LIMITATION OF ACTIONS (§ 73*)—DISABILI-
TIES—COVERTURE.

Where female children were married and
of legal age when their brother obtained a deed
from the parents and took possession and set
up an adverse claim to common family proper-
ty, limitations ran against the female children
by the removal of disability of coverture.

[Ed. Note.—For other cases, see Limitation
of Actions, Cent. Dig. §§ 399–412; Dec. Dig.
§ 73.*]

Appeal from District Court, Matagorda
County; Sam'l J. Styles, Judge.

Action by Annie Ryman and others against
Thomas Petruka.  From a judgment for de-
fendant, plaintiffs appeal.  Affirmed.

Gaines & Corbett and W. D. Wilson, all
of Bay City, for appellants.  W. S. Holman,
of Bay City, and John T. Duncan, of La
Grange, for appellee.

CARL, J.  Appellants, Annie Ryman, Mary
Gola, Lizzie Sherrer, Kate Lecompte, and
Rosa Gastmeyer, joined by their husbands,
sued their brother, Thomas Petruka, ap-
pellee, for an interest in about 2,000 acres of
land in Matagorda county and about 1,000
head of cattle and their increase.  The plain-
tiffs and defendant below are the children of
Joseph and Caroline Petruka, deceased.  On

May 23, 1902, Joseph and Caroline Petruka
executed a deed, wherein and whereby they
conveyed all of their land to appellee, and
appellants charge that this deed was obtain-
ed by fraud of appellee, and that it was with-
out consideration, and that one of the ex-
pressed considerations, viz., the caring for
his parents, was unperformed, to the extent
that his mother died of neglect.  It was fur-
ther charged that Caroline Petruka did not
understand English, and that the notary who
drew the deed and took the acknowledgment
did not understand the Polish language; that
she could not and did not write her name,
and that she was under the impression that
the deed conveyed only the 200-acre home-
stead.  And it was alleged that there had
never been any administration upon the es-
tates of Joseph and Caroline Petruka, who,
it is claimed, died intestate.

Appellee answered by general demurrer,
general denial, and by special pleadings that
he had actually earned the property convey-
ed to him, and that what interest his father
and mother had was conveyed in consider-
ation of their appreciation of his care, sup-
port, and attention to them.  Appellee fur-
ther pleaded that his father and mother left
a will in which they gave him all their prop-
erty, and bequeathed to appellants each the
sum of $400, and alleged and exhibited the
receipts of all of them, except Annie Ryman,
and shows that, while the will has not been
admitted to probate, it has been filed, but
was not probated, because the county judge
was disqualified from acting, having been at-
torney for appellee.  He also pleaded three,
four, five and ten years' limitation as to the
land and the right to sue therefor.  It is al-
leged that the receipts executed were in full
of the interest in the estate of Joseph and
Caroline Petruka.

In answer to the pleas of limitation, ap-
pellants pleaded coverture, and that the land
and cattle were earned by appellants in con-
nection with Joseph and Caroline Petruka,
their parents, but that the title was taken in
their parents' name, and held in trust for
all of them; that the will was witnessed by
Julia Petruka, appellee's wife, who was dis-
qualified to act, and that the will is not prop-
erly executed; and that neither Joseph nor
Caroline Petruka understood the deed exe-
cuted, and that same was procured by fraud
of appellee.  It was further alleged that the
receipts were not intended to be in full set-
tlement, or were other than receipts to the
extent of $400.

Appellee replied in a supplemental answer,
excepting generally, and specially that the
right to repudiate said deed was solely in
Joseph and Caroline Petruka, and that more
than four years had elapsed between the
time same was executed and recorded and
the death of the parents, who alone had the
right to repudiate same.  He also pleaded

that the will was a family settlement, and disposed of their property, and that they had given their children all they intended they should have, and that the land and personal property were given to appellee during their lifetime and at about the date of the execution of the deed, and turned over to him the property in 1902 at the date of the deed.

The court instructed the jury to find for appellee, which was done, and judgment thereupon was entered for the defendant at the conclusion of the trial.

[1] The suit was filed September, 1911, and the deed executed by Joseph and Caroline Petruka to Thomas Petruka was dated May 21, 1902, and was filed for record May 23, 1902, in the office of the county clerk of Matagorda county. Caroline Petruka died some time in September, 1907, and Joseph Petruka died May 23, 1909. So it will be seen that Mrs. Petruka lived over five years after the execution and recording of said deed, and Joseph Petruka lived seven years; and there is no evidence that either of them ever expressed any dissatisfaction with the deed or took any steps to set the same aside. During all those years that deed was of record where every one might read it; and on the same day the deed was executed, the will was made. The undisputed evidence shows that, from and after the deed and will were executed, the appellee took and held possession of all of the property, both real and personal, and dealt with it as his own. The deed was of record, which was constructive notice to every one of its contents, and the testimony of appellants shows that they actually knew, or ought to have known, from the date of the deed and will that Tom Petruka "got everything," as they put it. All of them, except Mrs. Ryman, signed receipts in full for the $400 bequeathed to them in the will, and Mrs. Ryman thought she ought to receive more. The petition does not charge that Joseph and Caroline Petruka did not know of the deed actually made prior to their death, nor is it sought to excuse them from failing to bring a suit or to take steps to rectify the alleged wrong before they died. The fraud, if any was practiced, was against them, and not against the children. It is not alleged that they did not know the contents of the deed and will before they died, nor that they did not know from the very day these instruments were executed up to the time they died that Tom Petruka had gone into possession and was actually claiming both land and personal property.

The deed introduced shows ample consideration to support it, and shows that it is an executed contract. That deed reads, in part, as follows: "The State of Texas, County of Matagorda. Know all men by these presents, that we, Joseph Petrucio and his wife, Catherine Petrucio, of said county and state, for and in consideration of the sum of two thousand dollars to us in hand paid by Thomas Petrucio, and the further consideration of the fact that the said Thomas Petrucio, our said son, has remained with and taken care of us in our old age and managed and taken care of our property for us without any compensation, we have granted," etc.

Suppose that Joseph and Caroline Petruka could have set this deed aside as soon as it was placed upon record for them, the law charges them with notice of its contents, if they did not actually know of the same; they did not do so, and limitation would run against them from that date. And both of them were barred from maintaining a suit even at the time Mrs. Petruka died, unless excused by pleading and proof that they did not discover the fraud, or could not have done so by the exercise of ordinary care.

[2] The deed, as written and acknowledged, is in proper form, and the notary who took Mrs. Petruka's acknowledgment says he acquainted her with the contents of the deed. And the evidence offered to set that deed aside is totally insufficient. Summed up, it is merely to the effect that she could not talk much English, and that the notary could not talk the Polish language. Deeds executed with all the formality of the law will not be set aside, except upon clear and convincing evidence.

[3] If it be true that, as contended, Joseph and Caroline Petruka held the property in trust, as the common family property which plaintiffs helped to earn, then appellants would have limitation running against them from May 21, 1902, until September, 1911, when the suit was filed; for they knew from the date of the deed and will, as well as the receipts made out, and which all of them but one signed, that Tom Petruka claimed and held everything.

[4] But the parties all knew, or ought to have known, from May 23, 1902, the claims Tom Petruka was making, and that he held all the property as his own. It is not enough to say that plaintiffs were laboring under coverture; for they must know that several years ago a law was passed which took away this defense as to an adult married woman and permitted limitation to run against her, and plaintiffs were all married and of legal age when appellee took the deed and set up adverse claim to all the property in 1902. R. S. art. 5684; Shook v. Laufer, 100 S. W. 1042.

No sufficient legal excuse is pleaded or proved why Joseph and Caroline Petruka did not discover and correct the alleged fraud; and, upon the showing made, they were themselves barred at the date of Mrs. Petruka's death. And, if plaintiffs ever had any right to maintain a suit, they were barred before they brought it, and the court properly instructed a verdict for defendant.

Judgment is affirmed.