**ECKERT v. WENDEL et al.** (No. 8167.)

Court of Civil Appeals of Texas. San Antonio. March 6, 1929.

Rehearing Denied April 3, 1929.

J. B. Wieser, of Fredericksburg, and Cunningham, Moursund & Johnson, of San Antonio, for appellant.

H. H. Sagebiel, of Fredericksburg, for appellees.

COBBS, J. This suit was brought by appellant against appellees to set aside two certain conveyances made by Lorenz Wendel to his son Henry M. Wendel, and to subject the real estate so conveyed to the satisfaction of plaintiff's judgment against Lorenz Wendel and Henry W. Wendel, which judgment was in the sum of $968 and costs, and had been rendered on a debt existing long prior to the dates of the conveyances. Appellant alleged that H. W. Wendel was insolvent at the time and had been for several years prior to the date of judgment; that execution had been issued on the judgment and returned nulla bona; that an abstract of said judgment had been duly filed and indexed; that the conveyances were made "without any consideration other than the assumption of the indebtedness due the state of Texas on the land, which indebtedness still existed against the same," and for the purpose of hindering, delaying, and defrauding the creditors of the said Lorenz Wendel; and that Henry M. Wendel had knowledge of such fraudulent intent. One of the conveyances was dated May 13, 1921, and covered tracts of land aggregating 762 acres. The other was dated August 20, 1924, and covered 157 acres of land. Appellant further alleged that on December 11, 1917, Lorenz Wendel conveyed to his son Arthur 640 acres of land, concealing said deed and not recording it until October 25, 1920, and that about May 11, 1921, he conveyed to his son Lorenz 295 acres of land, and on December 11, 1917, 355.5 acres of land, which deeds were also kept concealed and not recorded until the year 1922, and that such deeds were made with the intent to hinder, delay, and defraud the creditors of Lorenz Wendel, as a part of the scheme to convey all of his lands to his sons for that purpose, and that said Lorenz Wendel at the time of mak-

ing the deeds to his son Henry was not possessed of any other property and has not acquired any other property subject to execution, and that they were voluntary conveyances, not supported by a valuable consideration, and that said Henry W. Wendel knew of the intent of his father to defraud his creditors by putting all of his lands in the names of his sons, and thereby actively assisted in the scheme to defraud the creditors. Appellant prayed "that the deeds in question be set aside so that the lands could be reached and applied to the payment of his judgment; that his judgment lien be held to exist against said lands as of the date of the filing of the abstract; and that the lands be ordered sold in satisfaction of such judgment."

Appellees answered by a general demurrer, special exceptions, general denial, a plea of two years' statute of limitation as against the entire cause of action, and a plea of the four years' statute as to that part relating to the 762 acres of land, and also a plea of the five years' statute as to said 762 acres of land. Henry M. Wendel set up improvements in good faith and pleaded that he paid for the 157 acres of land $1,040 in cash and assumed the payment of a promissory note for $1,000 payable to Gottfried Lange, and assumed the payment of the balance of the purchase money due the state, amounting to about $300, and that said consideration was the reasonable market value of the land; that he had no knowledge of the alleged fraud, and did not know the father owed any money other than the obligations assumed by him.

Appellant by supplemental petition demurred generally to the special answer and also specially excepted thereto. He pleaded a general denial to such answer and specially replied to the plea of limitations by alleging that he had been unaware of the various conveyances made by Lorenz Wendel to his sons, but said Wendel had been reputed to be, and was holding himself out to be, a wealthy man; that the first knowledge of the fraud practiced came to his attention at the time the execution was returned showing no property found belonging to the defendant, and that information regarding the transfers of the properties was thereupon imparted to him by his attorney, who made a search of the records upon the filing of the sheriff's said return; that plaintiff's debt so reduced to judgment was a renewal and extension of the original note pleaded in plaintiff's petition; that at the time of the renewal the defendant Lorenz Wendel represented to plaintiff that the renewal note was safe, a good note in every respect, and that he, said Wendel, had ample properties to take care of the note at maturity; that said renewal note did not mature until November 1, 1923, and defendant Wendel made payments thereon in January, 1924, and June, 1926; that before accepting the renewal note plaintiff inquired

of various persons concerning the financial standing of said Wendel, making such inquiry of Herman Usener, the former county clerk, requesting the said Usener to search the records of Gillespie county, Tex., and plaintiff was informed that at said time the said Wendel owned ample properties and his note would be good in every respect; that after the maturity of the note plaintiff placed it in the hands of Mr. Sagebiel, defendant's attorney for collection, and no results being produced; then placed it in the hands of Max Blum, another attorney; that said attorneys informed him that Wendel was a good and solvent man; that although said attorneys retained the note for many months no result was procured by them, and thereupon he placed it in the hands of A. W. Moursund, attorney, who procured the judgment thereon; that plaintiff is not qualified and not in a position to search the records of deeds for conveyances; that of necessity he must rely upon information of attorneys, county clerks, and persons in a position to furnish such information; that he duly pursued such course, but invariably the information was to the effect that Lorenz Wendel was a wealthy man, had ample property, and was able to pay his debts; that Wendel himself told plaintiff that he was well fixed; that he had much land in Gillespie and Kimble counties; that his ranch was stocked with goats, sheep, and other live stock, and that he could and would meet the note when due; that previous inquiry of neighbors of Lorenz Wendel resulted in like information; that in view of the facts stated plaintiff used due diligence; and that limitation should not, and did not, run against his claim until after actual discovery of the fraud practiced upon him, which was at the time the sheriff's return was made.

We have very carefully examined all the testimony and have reached the conclusion that the conveyance was a voluntary conveyance within the meaning of article 3997 of the Revised Statutes, and hence waste no time in setting forth the testimony, which has been done with much detail by appellant.

Another thing defendants failed to show at the time is that Lorenz Wendel had property subject to execution sufficient to pay plaintiff's debt, other than that in controversy. This is very important under the provisions of the statute. Aside from the legal effect of such a statute it involves a moral obligation that a person in debt shall not place his property beyond the reach of his creditors.

The testimony is quite satisfactory and convincing that Lorenz Wendel, at the date of the conveyances, was quite insolvent and remained so, and was not shown to have at that or any other time other property subject to execution sufficient to pay plaintiff's debt, as it existed at the time, and his other debts.

■ Of course, appellant had no legal title to the land, such as would support an ac-

tion in trespass to try title to land. He only had an equity. He had no such right as would bring about to that right the statute of limitations as a defense applicable to the possession of property adversely held excepting such action from the four years' statute of limitations, which includes only equitable actions on a title which would sustain an action of trespass to try title, not actions to enforce a mere equity. As this suit belongs to that class, though judgment to enforce the lien on the land might be rendered on the establishment of such equity in the same action to compel its sale and honor an action to set aside an alleged fraudulent sale, voidable only and to establish their title to the land, is not for the recovery of real estate, and hence is barred by the four years' statute.

See this question fully and ably discussed by Justice Williams in McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315. We have no doubt but what the statute of four years from the date of the judgment is the true basis in this character of case. It is not a suit on a contract to recover money or other things, but, as said in Standford v. Finks, 45 Tex. Civ. App. 30, 99 S. W. 449, where the statute of two years is available; but here a judgment had already been secured for the debt and the suit based thereon was to set aside fraudulent conveyances to land so as to thereafter subject it to the payment of the debt.

■ When the evidence is weighed it fails to satisfy that Lorenz Wendel remained the owner after conveying the 762 acres of land subject to execution reasonably equal to or in excess of his debt. Obviously he could not make a present of land worth $7,620 and leave his debts unpaid.

■ The appellant sets up in his motion the misconduct of the jury. See affidavit of Emil Ernst, one of the jurors, to wit:

"That said jury in said cause did not consider the debts owing at the time by Lorenz Wendel, but took in consideration only the amount of debts owing at the present time by said Lorenz Wendel and ascertained same to be between $3,500.00 and $3,900.00.

"That this juror and others endeavoring to find for the plaintiff, were led to believe that since Lorenz Wendel, would, and did on the trial acknowledge the debt owing said Eckert, plaintiff, and promised to pay same at some future date, the said Eckert would lose nothing if judgment were rendered against him, since Eckert still had the judgment. That it was further discussed and strongly advocated that if the jury would find for Eckert, then the other creditors of Lorenz Wendel would jump on the same boy and bring similar suits as the one now in court against him, and said Henry M. Wendel, son of Lorenz Wendel, would lose all his property, which the jury considered very hard on said Henry M. Wendel. That affiant, who was one of the jurors

holding out against a verdict for defendants, was time after time informed that Eckert would lose no money since he still had the judgment against Wendel, and that this juror, being repeatedly assured that such would be the case and said Eckert would not lose any money owing him by Wendel, finally agreed to a verdict for defendants, relying and believing all the statements of his cojurors."

The testimony of Alfred Grona and Richard Stehling was of the same substance and to the same effect. From their affidavit it is apparent:

"(1) The jury did not consider the debts owing at the time of the deed, but those owing at the time of the trial.

"(2) It was stated, time after time, to the three jurors who were endeavoring to find for plaintiff, and who were holding out against a verdict for defendants, that Eckert would lose no money as he still had his judgment, and said three jurors were persuaded that even if judgment were rendered against plaintiff he would lose nothing as he would still have his judgment and Lorenz Wendel had testified he would pay it when he could.

"(3) It was discussed and strongly advocated that if the jury found for plaintiff the other creditors of Lorenz Wendel would jump on the same boy, and bring similar suits, and the defendant Henry Wendel would lose all of his property, which the jury considered very hard on him."

They decided it would be better to let Eckert risk losing the entire judgment than to let Henry Wendel risk losing the entire 762 acres. It may have been founded upon a kindness acting as good and conscientious citizens, but whatever their motive they were violating their oaths to try the case according to the law and the evidence—making laws and ignoring evidence.

The argument was wholly improper, as was that about the effect of a verdict in favor of plaintiff so far as other creditors were concerned and the probability of Henry Wendel's losing the land to other creditors. It brought into the case the consideration of facts having no bearing on the issue, and caused the decision of the case upon such facts not lawfully before them.

The acts of the jurors prevented the parties from having a fair, proper, and legal trial. Gulf, C. & S. F. R. Co. v. Harvey (Tex. Com. App.) 276 S. W. 895, Id. (Tex. Com. App.) 278 S. W. 839; Moore v. Ivey (Tex. Com. App.) 277 S. W. 106; Abrams v. Bradshaw (Tex. Civ. App.) 2 S.W.(2d) 917; Seale v. Schultz (Tex. Civ. App.) 3 S.W.(2d) 567; Coons v. Culp (Tex. Civ. App.) 278 S. W. 914; Southern Traction Co. v. Wilson (Tex. Com. App.) 254 S. W. 1104; Conlisk v. Bender (Tex. Civ. App.) 245 S. W. 941; St. Louis, Southwestern R. Co. v. Robinson (Tex. Com. App.) 285 S. W. 269, 46 A. L. R. 1507; Seale v. Schultz (Tex. Civ. App.) 3 S.W.(2d) 563.

■ Appellant was defrauded by means of the conveyance from Lorenz Wendel to Henry M. Wendel of the 762 acres of land, by deed dated May 13, 1921, filed for record June 18, 1921, to set aside which he instituted this suit on January 30, 1928, over 6½ years later. We must hold that his equitable action was barred by the statute of limitation of 4 years. McCampbell v. Durst, 15 Tex. Civ. App. 522, 40 S. W. 315; Vodrie v. Tynan (Tex. Civ. App.) 57 S. W. 680; Central Nat. Bank v. Barclay (Tex. Civ. App.) 254 S. W. 140.

While appellant has established his case upon every point but one, he failed to file his suit in time, and it is therefore barred by the 4 years' statute of limitation (Rev. St. 1925, art. 5529) from the date of his judgment, which statute applies to equitable titles.

The judgment is affirmed.