**ECKERT v. WENDEL et al.**

**No. 9007.**

Court of Civil Appeals of Texas. San Antonio.

Feb. 8, 1933.

Rehearing Denied March 15, 1933.

See, also, 15 S.W.(2d) 1064; 120 Tex. 618, 40 S.W.(2d) 796, 76 A. L. R. 855.

J. B. Wieser and Alfred Petsch, both of Fredericksburg, for appellant.

N. T. Stubbs, of Johnson City, and H. H. Sagebiel, of Fredericksburg, for appellees.

FLY, Chief Justice.

This is a suit to set aside certain deeds of conveyance made by Lorenz Wendel to his son Henry Wendel, on the ground of fraud, instituted by Eckert, appellant, against the two parties named as making and receiving the conveyances. The court held that the cause of action was barred by the five-year statute of limitation (Rev. St. 1925, art. 5509), and rendered judgment that appellant do not recover and pay all costs of suit.

There is an agreed statement of the facts, which is adopted as a matter of course by this court, and which is copied as follows:

"1st. Plaintiff filed herein suit in this court on the 30th day of January, A. D. 1928, as shown by file mark on his Original Petition.

"2nd. Plaintiff is the holder of a valid judgment against Lorenz Wendel and H. W. Wendel, obtained in the District Court of Gillespie County, Texas, on August 16th, 1927, which judgment is based on a debt created and owing since the year 1917. Execution issued on the above mentioned judgment and was returned by the Sheriff of Gillespie on November 23rd, 1927, nulla bona.

"3rd. H. W. Wendel is insolvent and was for many years prior hereto.

"4th. Lorenz Wendel, a Defendant in this cause, was insolvent at the time of execution of his deed of date May 13th, 1921, to his son Henry M. Wendel, to 762 acres of land, described in Plaintiff's Petition, and has remained insolvent ever since. Nothing has ever been paid on the judgment held by Plaintiff, as aforesaid, and there is unpaid the sum of $968.00 with interest thereon at the rate of eight per cent per annum from the 16th day of August, 1927, plus $12.45 cost of suit.

"5th. Plaintiff had no actual knowledge of the insolvency of Lorenz Wendel, until the 23rd day of November, 1927, the day of the Sheriff's return upon the execution aforesaid.

"6th. By the exercise of reasonable diligence Plaintiff did not discover the insolvency of his debtor, Lorenz Wendel, until August 20th, 1924, that being the date Lorenz Wendel disposed of all of his real estate, excepting his 200 acre homestead, and all personal properties, excepting such as is exempt from execution under the law.

"7th. That the defendant, Lorenz Wendel, joined by his wife, Minna Wendel, sold to the defendant, Henry M. Wendel, on or about the 20th day of August, A. D. 1924, the 157 acres of land, more or less, out of and part of Survey No. 79, located by Certificate No. 1588, issued to G. H. & S. A. R. R. Co., Block 'N,' purchased from the State of Texas by Robert Wendel, and conveyed the same to said Henry M. Wendel by general warranty deed in writing, bearing date on August 20th, A. D. 1924, recorded in the Deed Records of Gillespie County, Texas, in Vol. 33, at pages 201, et seq. said 157 acres being fully described by metes and bounds in said deed, to which and the record thereof, reference is hereby made for such description, and that said Henry M. Wendel paid for said land the then reasonable market value thereof, unto the grantors and that plaintiff admits that said Henry M. Wendel has and holds the valid title to said land as against plaintiff.

"8th. That by deed in writing, bearing date on the 13th day of May, A. D. 1921, the defendant Lorenz Wendel, conveyed to the defendant, Henry M. Wendel, the following described tracts of land, situate, lying and being in the Counties of Gillespie and Kimble, State of Texas, to-wit: (a) 231 acres of land, more or less, out of and part of Survey No. 77, Cert. No. 1587, issued to G. H. & S. A. R. R. Co. Block 'N,' originally purchased from the State of Texas by Lorenz Wendel; (b) 231 acres of land, more or less, out of and part of Survey No. 78, Cert. No. 1587, to G. H. & S. A. R. R. Co., Block 'N,' originally purchased from the State of Texas by Lorenz Wendel; (c) 60 acres of land, more or less, out of and part of Survey No. 75, originally granted to G. H. & S. A. R. R. Co., Block 'N,' being the same land conveyed by Chas. Schreiner to the grantor in said deed; (d) 240 acres of land, more or less, the East one-half of Survey No. 76, originally granted to G. H. & S. A. R. R. Co., Block 'N,' and

said four tracts of land embracing 762 acres of land, and being described, in a body, by metes and bounds in said deed; and that said deed was delivered to and accepted by said Henry M. Wendel, at the time of its execution; that the land described in said deed is the same land described in plaintiff's petition; that the grantee, Henry M. Wendel did not pay a valuable consideration for said lands; that the defendant Henry M. Wendel entered into the actual possession of said 762 acres of land immediately upon the delivery of said deed and continued to hold the actual, continuous, peaceable and adverse possession thereof, to the exclusion of all other persons, and without being interrupted in such actual and exclusive possession of all of said land, or any part thereof, by suit or otherwise, until the date of the filing of this suit; that said Henry M. Wendel claimed all of said land as his own ever since he obtained the deed thereto, as above stated, and that, during all of said period of time, he actually used, cultivated and enjoyed the same exclusively, adversely and peaceably, holding possession of all of said land under good and lawful fence or fences, until the filing of plaintiff's original petition in this cause, said petition having been filed in this court on January 30th, A. D. 1928; that the defendant, Henry M. Wendel, paid all taxes due on said land, before the same became delinquent, from the time of obtaining the above mentioned deed thereto, and that no part of said land, during said period of time, beginning with the date of the aforesaid deed and ending with date hereof, said land, nor any 'part thereof, was ever delinquent for taxes assessed against the same; that the above mentioned deed conveying the title to said 762 acres of land from Lorenz Wendel to Henry M. Wendel was filed for record in the office of the Clerk of the County Court of Gillespie County, Texas, on the 18th day of June, A. D. 1921, and duly recorded on June 21, A. D. 1921, and that said deed was filed for record in the office of the Clerk of the County Court of Kimble County, Texas, on the 29th day of June, A. D. 1922, and duly recorded on the 29th day of December, A. D. 1922, and that all of the constituent elements of the five years' statute of limitations have been complied with by the defendant Henry M. Wendel.

"And upon the above facts, the Court rendered judgment in favor of the defendants, to which the plaintiff excepted and gave notice of appeal to the Court of Civil Appeals for the Fourth Supreme Judicial District of Texas, sitting at San Antonio, Texas."

This suit was filed in January, 1928, more than six years after the deed of date May 13, 1921. That deed is the only one contested by appellant, and under the agreed facts title by five years' limitation had been perfected in Henry M. Wendel, the vendee in the deed. This is a second appeal of this case; the opinion of this court appears in 15 S.W.(2d) 1064; and the opinion of the Supreme Court, by virtue of a writ of error granted, in 120 Tex. 618, 40 S.W.(2d) 796, 797, 76 A. L. R. 855. The Supreme Court reversed the judgment of this court, and remanded the cause to the district court. On the first trial the cause was tried on whether the cause was barred by the four-year statute, and the Supreme Court held:

"The law is settled in Texas that a creditor, though he have no specific lien, may maintain an action in equity to vacate a fraudulent conveyance of his debtor's land. Until the creditor, in some manner—such as by levy of attachment or execution or by record of an abstract of judgment—acquires a lien, or until he acquires title by sale under execution, his only remedy, as against the grantee in a conveyance of real estate in fraud of his rights, is an action for a decree annulling the conveyance as an obstruction to the collection of his debt. Such an action is not one for the recovery of land, nor is it one to enforce a lien on land, but it is simply an action to cancel a conveyance of land because of fraud, and, no other period of limitation being prescribed for such an action, it comes within the four-year statute. Arbuckle Bros. Coffee Co. v. Werner & Cohen, 77 Tex. [pages] 44 to 46, 13 S. W. 963; Cassaday v. Anderson, 53 Tex. [pages] 535 to 539; Anderson v. Cassaday, 36 Tex. 652.

"The creditor's cause of action to annul a fraudulent conveyance accrues when the creditor acquires knowledge of the fraud or would have acquired such knowledge in the exercise of ordinary care. Registration of the fraudulent conveyance at a certain date is merely one circumstance bearing on the creditor's actual or presumed knowledge. Bump on Fraudulent Conveyances (4th Ed.) § 574, p. 559; Smith v. Talbot, 18 Tex. 783; Hudson v. Wheeler, 34 Tex. 367; Kuhlman v. Baker, 50 Tex. 636; Vodrie v. Tynan (Tex. Civ. App.) 57 S. W. 680, 681; Ryman v. Petruka (Tex. Civ. App.) 166 S. W. 711, 712.

"In the instant case, plaintiff in error, having obtained a judgment lien on the lands of his debtor, Lorenz Wendel, sued to establish that lien and to foreclose it against both Lorenz Wendel and Henry M. Wendel, the latter alleged to have no right, title, or interest in the lands, save as grantee in a conveyance executed by Lorenz Wendel to Henry M. Wendel without consideration and for the purpose of hindering, delaying, and defrauding the subsisting creditors of Lorenz Wendel, including the plaintiff in error.

"A careful analysis discloses that under the decisions of the Supreme Court of this state a suit to enforce a subsisting judgment lien on land against a grantee in a conveyance void under our statutes as to the judgment creditor is not barred until the fraudu-

lent grantee or his assigns acquires 'full title' to the land, 'precluding all claims,' under some statute of limitations which would bar an .action for the recovery of real estate."

On the second trial the case was tried under the theory of acquisition of title by the five-year statute of limitation, and under the evidence Henry M. Wendel had acquired a title to the land by showing himself within the provisions of the statute.

The contentions of appellant are directly in the face of the decision of the Supreme Court in this case, and that clear opinion is amply fortified by Texas decisions therein cited. Under that decision the district court could have rendered no other valid decision except the one rendered by him.

The judgment is affirmed.