Alma LANGEHENNIG et al., Appellants,

v.

Henry HOHMANN et al., Appellees.

No. 14041.

Court of Civil Appeals of Texas.

San Antonio.

Feb. 6, 1963.

Rehearing Denied March 6, 1963.

**204**

Robert I. Wilson, Kerrville, Roscoe Runge, Mason, for appellants.

Alfred Petsch, Dooley & Hoerster, Fredericksburg, for appellees.

BARROW, Justice.

This is an appeal of three companion cases which were heard together, by agreement of the parties, on motions for summary judgment. The appellants were the plaintiffs in the trial court, and they appeal from a judgment granting defendants' motions. Appellants are two daughters of the late Wm. V. and Janie Hohmann, and appellees are two sons of the couple. Other surviving children were joined as involuntary defendants and filed disclaimers. The suits were filed on behalf of all the surviving children of Janie Hohmann, to recover property alleged to belong to her at the time of her death.

The question presented by this appeal is whether or not the pleadings, the exhibits attached to the motions for summary judgment, and the affidavits on file, show there is no genuine issue as to any material fact. Rule 166–A, Texas Rules of Civil Practice; McDonald, Texas Civil Practice, § 17.26. In determining this issue, the burden of proof remains upon appellees, and all doubts as to the existence of a genuine issue of a material fact must be resolved against appellees, and appellants are entitled to the benefit of every reasonable inference which can properly be drawn in their favor. Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233. The affidavits to be considered must contain statements of fact which the affiant knows and is able to substantiate on a trial of the case on its merits. Box v. Bates, Tex., 346 S.W.2d 317. An affidavit opposing the summary judgment must meet the requirements of Rule 166–A (e), and a mere sworn denial of the facts contained in movant's affidavit is insufficient. Quarles v. State Bar of Texas, Tex.Civ. App., 316 S.W.2d 797, no writ history; Sparkman v. McWhirter, Tex.Civ.App., 263 S.W.2d 832, writ ref. Certainly, the desirable procedure for raising fact issues in opposition to the affidavits in support of a motion for summary judgment is by filing opposing affidavits rather than by a sworn reply in the nature of answer to the motion as done by appellants in this case. We have liberally construed the sworn reply filed by appellants in opposition to each motion and have considered all facts contained therein. We have disregarded all conclusions and general denials. After applying these rules, the following is the factual background which applies to all three cases.

Wm. V. Hohmann died in 1933 and his will was duly admitted to probate. The will provides in part as follows: "After the payment of my just debts, funeral expenses and expenses incident to my last illness, it is my will and I hereby give * * * to my beloved wife, Janie Hohmann. the remainder of all property by me

owned or interested in at the time of my death, be the same real, personal or mixed, separate or community, * * * in fee simple, with full power and authority to manage, sell or dispose of the same as she may wish or see proper, sales or conveyances of real estate however to be made with the joinder of my executor hereinafter named and appointed." His son, Henry Hohmann, one of the appellees, was appointed and qualified as independent executor under the will.

For several years before his death, Wm. V. Hohmann and wife, Janie, were living in Fredericksburg, and their ranch in neighboring country was being operated by appellees, Henry and Rudolph Hohmann. At the time of Wm. V. Hohmann's death, there were substantial debts owing by his estate. The uncontroverted affidavits of the executor establish that all of these debts were paid prior to November, 1942. In November, 1942, Janie Hohmann, by bill of sale, conveyed to Henry and Rudolph numerous head of cattle, which were substantially the same number as shown in the inventory filed in the estate. On April 1, 1943, Janie Hohmann, by warranty deed, conveyed to Rudolph Hohmann all the ranch land which she and her late husband owned. This warranty deed recited the portion of the will set out above and further recited that all just debts, funeral expenses, and expenses of Wm. V. Hohmann's last illness had been paid, and then provided: "That I, the said Janie Hohmann, an adult feme sole, joined by the said Henry Hohmann, as such independent executor under authority of said will of Wm. V. Hohmann, deceased * * *." This was followed by recital of the consideration and description of all the land in controversy here. The general warranty clause was made only by Janie Hohmann, although the deed was signed by her and Henry Hohmann as independent executor. On April 2, 1943, Rudolph executed a warranty deed in which he conveyed approximately half of this ranch land to Henry Hohmann. These deeds were promptly

recorded and the uncontroverted affidavits show that Henry and Rudolph, together with their respective familities, occupied their lands without complaint from Janie Hohmann or any other person, until her death in May of 1960. In 1958 Janie Hohmann executed to Henry and Rudolph releases of the liens given as security for part of the purchase price. Janie Hohmann died testate and her residuary clause was for the benefit of her surviving nine children, share and share alike.

Appellants filed these three suits in September, 1960. Cause No. 3349 is a statutory trespass to try title suit against Henry Hohmann, individually and as independent executor of the estate of his father. This suit alleges that on April 1, 1943, appellants were wrongfully dispossessed of the described land by Henry Hohmann and his wife. The land involved in this suit is the land conveyed to Henry by Rudolph on April 2, 1943. Appellants allege that the deed of April 1, 1943, to Rudolph was a subterfuge and part of a conspiracy between Henry and Rudolph to obtain said lands, in violation of the law which prohibits an executor from purchasing assets of the estate. Appellants further allege that this conspiracy resulted in the land being held in trust for the benefit of all heirs of Janie Hohmann.

Cause No. 3350 was in the same trespass to try title form, but was against Rudolph to recover the land retained by him from the conveyance of April 1, 1943. Cause No. 3372 was against Henry and Rudolph jointly and was to recover the proceeds and increase from all livestock bequeathed to Janie Hohmann by her husband. Appellees pleaded the above deeds and bill of sale, and also pleaded the five and ten-year statutes of limitation in the suit filed for the cattle.

■ The crux of this appeal lies in the nature of the allegations of appellants. All three cases are based on appellants' charge that the sales were void in that Henry Hohmann, as the executor of the

Wm. V. Hohmann estate, could not purchase this land or the cattle in violation of Sec. 352, V.A.T.S. Probate Code. For the purpose of this appeal, we treat as true the allegation of appellants that the deed to Rudolph was a subterfuge, and will consider the deed as being direct to Henry Hohmann. It is significant that there are no allegations of fraud, duress or overreaching of Janie Hohmann, and there is no contention that she was a party to the alleged conspiracy between Henry and Rudolph. Sec. 352 of the Probate Code provides in part as follows: "The personal representative of an estate shall not become the purchaser, directly or indirectly, of any property of the estate sold by him, * * *." It further provides that in such event any person interested in the estate could make complaint and upon proof, the court administering the estate would set aside the sale.

The will of Wm. V. Hohmann conveyed a fee simple estate to his wife, Janie Hohmann. Art. 1291, Vernon's Ann.Civ.Stats.; Langehennig v. Hohmann, 139 Tex. 452, 163 S.W.2d 402; Seay v. Cockrell, 102 Tex. 280, 115 S.W. 1160; Prichett v. Badgett, Tex.Civ.App., 257 S.W.2d 776, writ ref. Furthermore, the will gave her full power of sale of all of said property, with the provision that the executor should join in the sales of real estate. Since all the debts of the estate were paid before the conveyances in question, the property belonged to Janie Hohmann at that time. The deed clearly reflects that the conveyance is from Janie Hohmann, and that Henry Hohmann joined merely pro forma. Since the land belonged to Janie Hohmann at the time of the conveyance, Henry Hohmann as executor was not barred under the above statute from purchasing same. In Ramos v. Rodriguez, Tex.Civ.App., 304 S.W.2d 274, writ refused, this Court held that § 352 Probate Code did not prohibit an administrator from purchasing an undivided interest of one or more co-owners of the estate he was administering. There is less reason to hold here that the individual owner could

not sell to the executor, in the absence of an allegation of fraud practiced on the owner. Therefore, the trial court did not err in granting summary judgment for Henry Hohmann in Cause No. 3349. We do not see any application of this statute insofar as the conveyance to Rudolph is concerned, in that he was not a personal representative of Wm. V. Hohmann's estate, and the trial court did not err in granting a summary judgment for him in Cause No. 3350.

■ Furthermore, the affidavits of Henry Hohmann and Rudolph Hohmann set forth facts to support their defense of these two suits under the five and ten-year statutes of limitation. They paid the taxes, fenced, improved and cultivated the land, leased out the hunting rights, and did other acts to show continuous and exclusive use of the land from April, 1943, until the filing of these suits in 1960. Appellants did not controvert these facts, but urge that the statute of limitations did not begin to run until the death of Janie Hohmann. There are no allegations to support a fiduciary relationship with her, and therefore these suits are barred by both statutes. Edwards v. Williams, Tex.Civ.App., 291 S.W.2d 783, no writ history; Dilbeck v. Blackwell, Tex.Civ.App., 126 S.W.2d 760, writ refused; Ryman v. Petruka, Tex.Civ.App., 166 S.W. 711, no writ history.

■ In their affidavits filed with their motion for summary judgment in Cause No. 3372, appellees set forth that the bill of sale given them by Janie Hohmann included all cattle owned by her. In their sworn reply to this motion and affidavits of appellees, appellants denied that all cattle were included in the bill of sale, although they did not attempt to enlarge upon this general denial. Even if we assume that appellants thereby joined issue as to whether Janie Hohmann owned other cattle, the summary judgment was still properly granted under the two and four-year statutes of limitation. There is no showing that

Janie Hohmann, or any other person, ever claimed any of the cattle after her sale to appellees in November, 1942.

The judgment of the trial court is affirmed in all three cases.