Vance BRYAN, Appellant,

v.

**CENTRAL BANK & TRUST COMPANY,**
Appellee.

No. 4512.

Court of Civil Appeals of Texas.

Waco.

June 30, 1966.

Rehearing Denied July 21, 1966.

Palmer, Green & Palmer, Dallas, for appellant.

Bradford & Pritchard, Dallas, for appellee.

OPINION

McDONALD, Chief Judge.

This is an appeal by defendant Bryan from a summary judgment for plaintiff bank, in a suit on a note.

Plaintiff bank sued defendant Bryan and Guy Gardner for unpaid balance (plus interest and attorneys' fees) on a note secured by chattel mortgage on cattle, executed by Bryan to Gardner, and assigned by Gardner to plaintiff Bank. Defendant filed answer and cross-action seeking damages against plaintiff, alleging fraudulent representations by plaintiff concerning the cattle of which the note represented purchase price.

Plaintiff moved for summary judgment supported by affidavit of Shelby Richardson, President of plaintiff bank. Richardson stated that defendant's note to Gardner had been assigned to the bank; that the bank was the owner of such note; that the unpaid balance on same was $6562.09 (plus interest and 10% attorneys' fees); that the affiant had not made any of the representations concerning the cattle which defendant Bryan alleged.

Defendant Bryan opposed plaintiff's motion for summary judgment and supported

same with his affidavit admitting execution of the note payable to Gardner; admitting transfer and assignment of the note by Gardner to plaintiff; and then stated that *"Plaintiff* made the following representations * * *", (enumerating representations concerning the cattle purchased by the note); "I believed and relied on the representations of plaintiff which were false * * *."

The trial court entered summary judgment that plaintiff recover $6562.09 (plus interest and attorneys' fees) from defendant; and further ordered that all relief requested by any party not expressly granted be denied.

Defendant appeals, contending the trial court erred in granting summary judgment for plaintiff and denying defendant's cross-action because there existed fact issues as to defendant's defense of fraud; and that plaintiff failed to prove it was the holder of the note sued on.

Plaintiff bank sued on a note alleging defendant executed a note to Gardner for cattle, and that Gardner assigned it to plaintiff bank. Defendant answered that "plaintiff" (which is a corporation) made fraudulent representations concerning the cattle defendant gave the note for.

Plaintiff bank filed motion for summary judgment supported by affidavit of the President, Richardson, stating the execution by defendant of the note to Gardner, and assignment by Gardner to plaintiff; and denying that he, Richardson, had made any of the representations defendant alleged. Defendant opposed motion for summary judgment supported by his own affidavit admitting execution and assignment to plaintiff bank of the note sued on, but asserting: *"Plaintiff* represented * * *", (concerning the cattle).

 Defendant's affidavit that the "Bank", which is a corporation, made fraudulent representations is not an affidavit "made on personal knowledge"; "setting forth facts which would be admissible in evidence," as is required by Rule 166-A, Texas Rules of Civil Procedure. Obviously a corporation could not itself speak or make a fraudulent representation. See: Langehennig v. Hohmann, Tex.Civ.App., (n. r. e.) 365 S.W.2d 203; Youngstown Sheet & Tube Co. v. Penn, Tex., 363 S.W. 2d 230.

 The affidavit of Shelby Richardson, president of plaintiff bank, expressly states that plaintiff bank is the owner of the note executed by defendant; a copy of the note (and assignment) is attached to plaintiff's petition and is a part of the record on summary judgment; and defendant's affidavit admits execution and transfer of the note to plaintiff. We think plaintiff established that it was the holder and owner of the note. Alexander v. Houston Oil Field Material Co., Tex.Civ.App., (n. r. e.) 386 S.W.2d 540.

The judgment is correct. Defendant's points and contentions are overruled.

Affirmed.