Hilton SHAHAN, Appellant,

v.

W. C. EAKIN, Appellee.

No. 4186.

Court of Civil Appeals of Texas.

Eastland.

July 28, 1967.

Robert E. Ford, Abilene, for appellant.

Gloria T. Svanas, Odessa, for appellee.

COLLINGS, Justice.

W. C. Eakin, doing business as Dock's Reverse Units and Rental Tools, brought this suit in Ector County against Hilton Shahan, doing business as Cunningham and Shahan, upon a promissory note. The case was removed to Taylor County on a plea of privilege. Plaintiff's unsworn petition describes the note without attaching a copy. The defendant answered by a general denial and subsequently after the case was transferred to Taylor County, filed his first amended original answer pleading a general denial, covenant not to sue, and no consideration for the execution of the note.

On December 20, 1966, plaintiff Eakin filed an unsworn motion for summary judgment without attaching a copy of the note. Such motion was set for hearing on February 14, 1967. On January 25, 1967, plaintiff filed his affidavit in support of his motion for summary judgment asserting that a copy of the note was attached thereto and made a part thereof; that plaintiff Eakin was the payee of such note dated October 3, 1963, at Abilene, Texas in the principal sum of $581.80, payable one year after date with interest at the rate of 6% per annum from maturity until paid; that defendant Shahan did pay $34.40 as interest on the note which payment was acknowledged but that no other payments had been made on said note; that there was then due and owing on said note the principal sum of $581.80, plus interest at the rate of 6% from October 17, 1964, plus an additional 10% for attorney's fees. Neither the note nor a copy thereof was attached to plaintiff's affidavit at the time of the filing of the motion. On February 10, 1967, the defendant Shahan filed his answer to plaintiff's motion for summary judgment pointing out that plaintiff's affidavit in support of the motion for summary judgment did not contain or have attached thereto a copy of the promissory note sued upon.

On February 14, 1967, at the hearing on the motion for summary judgment the court, over defendant's objection, permitted the plaintiff to attach a photostatic copy of the note to his affidavit in support of his motion for summary judgment. The court thereupon entered summary judgment for the plaintiff Eakin against the defendant Shahan subject to the defense of failure of consideration asserted in defendant's pleadings. The court set the case for trial upon such defensive issue on March 21, 1967. When the case was called for trial on March 21, 1967, no evidence of any kind was offered by plaintiff or defendant, and judgment was entered in favor of the plaintiff and against the defendant for the amount of the note, interest and attorney's fees as prayed in plaintiff's petition and as evidenced by the note, a copy of which was attached to plaintiff's affidavit in support of his motion for summary judgment.

Appellant Shahan presents points contending that the court erred in rendering judgment against him. Such points are well taken.

Eakin alleged in his petition that he was the owner and holder of the note sued upon. Appellant asserts that by reason of his general denial the pleadings presented a fact issue on the question of whether Eakin was the owner and holder of the note. We agree with this contention. Alexander v. Houston Oil Field Material Company, 386 S.W.2d 540 (Tex.Civ.App., 1965, n. r. e.), and cases cited therein. Eakin, therefore, had the burden of proving that he was presently the owner and holder of the note. Proof of such fact was essential to his right to recover. No such proof is shown in the record. A photostatic copy of the note was attached to Eakin's affidavit in support of his motion for summary judgment but that was no proof that he was presently the owner and holder thereof. Pat H. Stanford, Inc. v. Franklin, 312 S.W.2d 703 (Tex.Civ.App.1958, no writ

history); Bryan v. Central Bank and Trust Company, 405 S.W.2d 228 (Tex.Civ.App. 1966, n. r. e.); Hall v. Fowler, 389 S.W.2d 730 (Tex.Civ.App.1965, no writ history). The court, therefore, erred in rendering judgment for Eakin.

The judgment is reversed and the cause is remanded.