**W. M. COLLINS et al., Appellants,**

**v.**

**LUBBOCK SAVINGS & LOAN ASSOCIA-TION, Appellee.**

**No. 7936.**

Court of Civil Appeals of Texas.

Amarillo.

July 21, 1969.

Key, Carr, Carr & Clark, Lubbock, Aubrey J. Fouts, Lubbock, of counsel, for appellants.

Evans, Pharr, Trout & Jones, Lubbock, Chauncey Trout, Lubbock, of counsel, for appellee.

DENTON, Chief Justice.

This is an appeal from a summary judgment rendered against W. M. Collins and wife upon the Lubbock Savings and Loan Association's suit upon a promissory note.

Appellee filed its unsworn petition alleging the execution and delivery by appellants of a promissory note in the amount of $6,000.00 payable to appellee in monthly installments; that the appellants had defaulted in payment; that the note had been accelerated and pleaded the amount due after all lawful offsets and credits had been applied; and an allegation with respect to attorneys' fees. Appellants an-

swered by an unsworn general denial. Thereafter, appellee, through its attorney, filed an unsworn motion for summary judgment to which was attached an unsworn copy of the note. The record contains an affidavit of Mr. Lowery, president of appellee company, the affidavit of the appellant W. M. Collins in opposition to the motion for summary judgment, and answers to written interrogatories by Mr. Lowery.

Appellants contend the trial court was in error in granting the motion for summary judgment for the reason a genuine issue was raised as to whether the plaintiff was the owner and holder of the note in question. In support of this contention, appellants rely principally upon Alexander v. Houston Oil Field Material Company, Inc. (Tex.Civ.App.) 386 S.W.2d 540 (Ref. N.R.E.). Barney v. Credit Plan Corporation (Tex.Civ.App.) 403 S.W.2d 230; and Sidran v. Tanenbaum (Tex.Civ.App.) 391 S.W.2d 93. In our view these cases are not controlling. In all three cases cited the motion for summary judgment was based only on the pleadings.

The record here contains an affidavit of the appellee's president, Sid A. Lowery, Jr. and W. M. Collins, appellant, in addition to answers of written interrogatories by Mr. Lowery. The Lowery Affidavit established the execution of the note by appellants on December 18, 1964 in the amount of $6,000.00, payable to appellee, credits for payment on the note, the foreclosure of the Deed of Trust on June 4, 1968, the application of the amounts received from the sale of the security on the note and the balance due. Lowery's sworn answers to the written interrogatories established the various steps taken by appellee in accelerating the maturity on the note, posting the notices for sale, and the trustee's sale. Appellants' affidavit admits they executed the note and Deed of Trust to appellee on the date and in the amount alleged, and admits the trustee's sale of the security on June 4, 1968 for $2,000.00. This affidavit further states: "Lubbock Savings and Loan Association now owns and holds this property under this sale, but has failed and refused to give credit on the promissory note for the value of the property". The thrust of appellants' affidavit is that the price paid for the property at the trustee's sale was grossly inadequate, and as a result he had not received adequate credit on the note sued upon. In our opinion the appellee proved by affidavits and answers to written interrogatories that it was the owner and holder of the note. Schoolcraft v. Channel Construction Company (Tex.Civ.App.) 397 S.W.2d 256 (Ref. N.R.E.) and Bryan v. Central Bank & Trust Co. (Tex.Civ.App.) 405 S.W.2d 228 (Ref. N.R.E.). The uncontradicted summary judgment evidence establishing the execution of the note, with appellee as payee, notice of acceleration of maturity of the note by appellee, the foreclosure of the Deed of Trust by appellee and the ownership of the secured property by appellee as a result of the sale, undisputedly establish that appellee was the owner and holder of the note.

The judgment of the trial court is affirmed.