**C.F. SOUTHERN REGION, INC., Appellant,**

v.

**Marvin MARSHALL, Appellee.**

**No. C14–88–1020–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

March 8, 1990.

Rehearing Denied April 5, 1990.

Williard T. Boss, Jr., Debra S. Lapin, Houston, for appellant.

Patricia Hair, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

PAUL PRESSLER, Justice.

Appellant sued to collect on a $50,000 promissory note given to it by the appellee who was a former employee. Appellee counterclaimed for breach of his employment agreement and for fraud and misrepresentation. As a condition of employment, the appellee was to be promoted to Vice–President of his Department after six months upon review of his performance. The employment agreement included an interest free promissory note which represented a loan to the appellee as an employment incentive. At the end of the six month period, the appellee was not promoted. He informed the appellant that they were in violation of the contract and that he would withhold payment on his loan. At the time of trial, no payments had been made, and the full amount of the note was

due. A jury found in favor of the appellee and awarded him $110,000 in damages plus $12,500 in attorney's fees and pre-judgment interest. We affirm.

■ Appellant asserts, in point of error number one, that the trial court erred in entering judgment on appellee's claim for fraud because the cause of action was barred as a matter of law by the two-year statute of limitations set forth in TEX.CIV. PRAC. & REM.CODE ANN. § 16.003. Appellee answered the appellant's original petition with a general denial and an affirmative pleading that the execution of the note was without consideration or, alternatively, that the note had been released. Within thirty days after his answer was filed, appellee filed his original counterclaim seeking the liquidated damages provided for in the employment contract and unpaid commissions. This counterclaim was amended approximately seven months later to include a cause of action for fraud. The appellant initially filed a general denial to the counterclaim and later amended its answer to plead the statute of frauds affirmatively.

Appellee's cause of action for fraud and the appellant's point of error involve the following statutes:

§ 16.068 AMENDED AND SUPPLEMENTAL PLEADINGS

If a filed pleading relates to a cause of action, cross-action, counterclaim, or defense that is not subject to a plea of limitation when the pleading is filed, a subsequent amendment or supplement to the pleading that changes the facts or grounds of liability or defense is not subject to a plea of limitation unless the amendment or supplement is *wholly based on a new, distinct, or different transaction or occurrence.*

TEX.CIV.PRAC. & REM.CODE ANN. § 16.068 (emphasis added).

§ 16.069 COUNTERCLAIM OR CROSS CLAIM

(a) If a counterclaim or cross claim arises out of the same transaction or occurrence that is the basis of an action, a party to the action may file the counterclaim or cross claim even though as a separate action it would be barred by limitation on the date the party's answer is required.

(b) The counterclaim or cross claim must be filed not later than the 30th day after the date on which the party's answer is required.

TEX.CIV.PRAC. & REM.CODE ANN. § 16.069

Appellee's action for fraud, which was included in an amendment to the original counterclaim, is not based wholly upon or growing out of a new, distinct, or different transaction or occurrence. Both causes of action arise out of the same employment contract. The contract action seeks damages due to the appellant's failure to abide by the contract, and the action for fraud seeks damages relating to the inducement to enter into the contract. Neither is based wholly upon a different transaction. *Meisler v. Republic of Texas Sav. Ass'n,* 758 S.W.2d 878 (Tex.App.—Houston [14th Dist.] 1988, no writ); *See also John H. Pelt Co., Inc. v. American Cas. Co. of Reading, Pa.,* 513 S.W.2d 128 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e). These above provisions of the Tex.Civ.Prac. & Rem.Code Ann. make the amended counterclaim relate back to the date of the original filing of the counterclaim and thus avoids the running of limitations. Appellant erroneously relies upon the recent case of *Khalaf v. Williams,* 763 S.W.2d 868 (Tex.App.—Houston [1st Dist.] 1988, writ granted) to support their point of error. In that case, an appellee first filed his counterclaim asserting a breach of contract three years after his cause of action arose, and he amended his pleadings another three years later to include an action for fraud. The Court of Appeals for the First District held that the statute of limitations applied and barred the fraud action since the amendment was more than three years after the pleadings to which it "related back to". *Khalaf, supra* at 870. The Court of Appeals held that the policy behind the limitations statutes is not served by allowing a litigant to assert a claim that would have been barred at the time of his first filing. In the instant case, the appellee's original counterclaim was filed timely asserting a breach of contract, and his amended counterclaim relates back to the original coun-

terclaim by application of TEX.CIV.PRAC. & REM.CODE ANN. § 16.069. Point of error number one is overruled.

■ Appellant's second point of error concerns the award of $75,000 for future retirement income. The appellee testified that his prior employment would have compensated him with a retirement income of $1,500 per month and that the cost of an annuity that would provide him with a similar income would be $150,000. No objection was made to the appellee's rendering an opinion on the value of the necessary annuity. The appellant was free to cross-examine the appellee as to his knowledge and expertise but did not do so. There is sufficient evidence to support the award of the lost retirement income. The amount of the monthly income was certain and not subject to speculation. Testimony concerning the cost of an annuity to duplicate that income was put into evidence without objection. The appellant has, therefore, waived any complaint. TEX.R.APP.P. 52(a). Point of error number two is overruled.

■ In point of error three, appellant asserts that the trial court erred in awarding damages to the appellee because there is insufficient or no evidence to support such a finding. In addition to the $75,000 discussed above, the jury granted the appellee an award of $35,000 under the liquidated damages clause in the employment contract. This point of error relates to Special Issue Number 1, which asked:

> Do you find from a preponderance of the evidence that CF Southern Region, Inc. breached its employment contract with Marvin Marshall?

The jury answered affirmatively, and the court awarded the appellee the damages provided for in the contract. Appellant now argues that the liquidated damages provision applies only upon the *termination* of the appellee's employment, and not upon the *breach* of the contract. Appellant further complains that no issue was submitted concerning damages for breach of the contract. Appellant has waived any complaint concerning the wording of Special Issue Number 1 or the absence of a damage issue by its failure to object specif-ically prior to jury submission. *Wilgus v. Bond*, 730 S.W.2d 670 (Tex.1987). *See also* TEX.R.CIV.P. 274. No objection as to the legal or factual sufficiency of the evidence on damages for breach of contract was raised in Appellant's Motion for New Trial. TEX.R.CIV.P. 324. Point of error number three is overruled.

■ In point of error four, the appellant asserts that there was insufficient evidence to support the jury's answer to special issue number four, and that the trial court erred in failing to disregard this answer. The special issue read as follows:

> Do you find from a preponderance of the evidence that C.F. Southern Region, Inc., released Marvin Marshall from his obligation to repay the promissory note in question?

Factual insufficiency of the evidence exists when (a) the only evidence supporting a vital fact finding is factually too weak to support it, or (b) when considered with the evidence opposing the fact, the finding is so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. O'Conner, *Evidence Points on Appeal*, 37 Tex.B.J. 839, 839–41 (1974); Calvert, *"No Evidence" and "Insufficient Evidence" Points of Error*, 38 Texas L.Rev. 361, 366 (1960). In reviewing a factual insufficiency point, an appellate court will consider all of the evidence in the record that is relevant to the fact being challenged. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660 (1951); *Plas–Tex., Inc. v. U.S. Steel*, 772 S.W.2d 442 (Tex.1989)

■ The appellee testified that he had, at the time he left his employment, agreed with a representative of the appellant's to release any claims for termination pay that he might have in exchange for the appellant's forgiveness of the $50,000 note. This testimony, coupled with the appellant's inability to produce the original note at the time of trial, was sufficient evidence for the jury to conclude that the appellant had released the note and destroyed it. *Clark v. Dedina*, 658 S.W.2d 293 (Tex.App.—Houston [1st Dist.] 1983, writ dism'd); *Shahan v. Eakin*, 422 S.W.2d 751 (Tex.Civ.App.—Eastland 1967, no writ). Although the representative with whom appellee says he spoke about release of the note denies

any such conversation took place, the jury is the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Rego v. Brannon*, 682 S.W.2d 677, 680 (Tex.App.—Houston [14th Dist.] 1984, writ ref'd n.r.e). The jury concluded that there was a release of the note. This finding is not so contrary to the great weight and preponderance of the evidence as to be manifestly unjust. Point of error four is overruled.

Under appellant's final point of error, it is alleged that the trial court erred in awarding attorney's fees to the appellee. Tex.Civ.Prac. & Rem.Code Ann. § 38.001 allows a party to recover reasonable attorney's fees if the claim is on an oral or written contract. As stated under point of error three, appellant has waived any complaint as to the distinction between "breach" and "termination" by its failure to object to Special Issue Number 1 at trial. The jury found that the appellant had breached the contract. Thus appellee was entitled to receive attorney's fees on the cause of action for breach of contract. Point of error five is overruled.

The judgment of the trial court is affirmed.