### JOINER v. CITY OF TERRELL et al.

### No. 12106.

Court of Civil Appeals of Texas. Dallas.

Feb. 27, 1937.

Rehearing Denied March 27, 1937.

Chas. Ashworth, of Kaufman, for plaintiff in error.

F. W. Bartlett and Thornton & Montgomery, and F. W. Bartlett, Jr., all of Dallas, for defendants in error.

LOONEY, Justice.

This suit was instituted by the City of Terrell against W. O. Boyd, on a paving certificate for $294.34, issued by the city (as authorized by chapter 106, Acts of the First Called Session of the 40th Legislature, article 1105b, Vernon's Texas Civil Statutes, pp. 270–272), in favor of the Uvalde Construction Company, the amount payable being the pro rata part of the cost of paving Rock-Wall street in said city, 75 feet on the east side of the abutting property upon which foreclosure of the statutory lien was sought. The certificate was payable in installments and provided for the acceleration of maturities and the collection of attorney fees in case of default. The city alleged that Boyd had defaulted and that the suit was brought at the request and for the benefit of said company, as provided in the city charter. I. B. Hunnicutt and R. F. Joiner were brought in on an allegation, to the effect, that they were claiming some interest in or title to the real estate involved, praying judgment against Boyd for the amount due on the certificate—principal, interest and attorney fees—and foreclosure of the statutory lien on the abutting property, as against all defendants.

In a plea of intervention, the Uvalde Construction Company claimed ownership of the cause of action, adopted the allegations of the city, took charge of the litigation, and alleged as against defendant Joiner (defendants Boyd and Hunnicutt being dismissed from the suit) that, on April 24, 1929, he entered into a contract with intervener, whereby, in consideration of the improvements referred to in the certificate described in plaintiff's petition, he agreed and promised to pay intervener the amount specified in the certificate, to secure payment of which defendant gave a contractor's, mechanic's, and materialmen's lien on the abutting property upon which foreclosure was sought, alleging that, by virtue of said contract, intervener was entitled to the benefit of the lien created thereby as additional security for the payment of the certificate issued by the city; alleging that the street improvement contemplated had been performed, and accepted by the City of Terrell, alleging default by Joiner and the acceleration of maturities, praying judgment for the full amount remaining unpaid on the contract, together with foreclosure of its alleged lien on the abutting property.

Defendant Joiner filed a general denial, and by way of special defense and cross-action alleged, in substance, that the abutting property, upon which intervener sought foreclosure, was the homestead of defendant, and that the purported paving lien thereon was in violation of the Constitution, therefore void and unenforceable; that the Uvalde Construction Company, through its agent, knowing the property in question to be defendant's homestead, and that the City of Terrell could not fix a valid lien thereon for street improvements, came to defendant with the mechanic's lien contract, requesting him to sign same, which he refused, telling said agent that he (defendant) was old, would not be able to work much longer, hence would never be able to pay the amount charged for paving the street; whereupon, said agent, in order to induce defendant to sign the instrument, represented to and promised him that the company (intervener) would hire him at $2 per day, to look after its machinery during the time it was engaged at paving in the City of Terrell, and would continue such employment so long as its paving machinery was left in said city; guaranteeing that defendant would be employed a sufficient length of time to enable him to fully pay off and discharge said lien; that these representations were made for the purpose of inducing defendant, and did in fact induce him to make the contract; that said representations were made without any intention on the part of intervener to perform same, that it failed to do so, and that if intervener had complied with same defendant could have discharged the amount specified in the mechanic's lien contract; but in violation of its said agreement, intervener permitted defendant to work, after its paving activities ceased, only one week, and that during the time for which he was employed defendant was unable to procure other em-

ployment; that if intervener had carried out its agreement, defendant could have earned the sum of $1,500; wherefore, he prayed judgment for his damages ($1,500), that the same offset any amount intervener might recover, and that the defendant have judgment for the balance, etc.

Intervener urged several special exceptions to the answer and cross-action filed by defendant Joiner; among others that, defendant failed to allege the name of the agent or representative of intervener who allegedly made the false representations that induced defendant to execute the mechanic's lien contract, and failed to allege that such agent acted within the scope of his authority; also excepted to said pleading because defendant's allegations revealed the fact that his cause of action against intervener, if any existed, accrued more than two years prior to the institution of the suit, and more than two years before the matter was set up in defendant's answer and cross-action.

The court sustained all special exceptions urged by intervener to the special defense and cross-action set up by defendant Joiner, and on trial without a jury rendered personal judgment, in favor of intervener, against Joiner on the certificate, and on the mechanic's lien contract, for the full amount sued for, and decreed foreclosure of the lien upon the abutting property, to which defendant Joiner excepted and perfected appeal by writ of error.

■ The certificate sued upon by the City of Terrell. evidences the levy of an assessment, also the fixing of a lien on the abutting property and the personal liability of W. O. Boyd, as owner. Defendant Joiner was not mentioned in these proceedings, hence we do not think a judgment could properly have been rendered against him on the certificate. So, it seems that in this situation, intervener had to and did rely for recovery against Joiner on the mechanic's lien contract, executed at the instance and for the benefit of intervener. This being the case, we think the court erred in sustaining intervener's special exceptions to Joiner's plea setting up fraud practiced upon him by intervener's agent in procuring the execution of the lien contract.

Intervener cites a number of authorities holding that, in actions based upon contracts alleged to have been made by an agent of a corporation, the name of such agent should be given in order to enable the corporation to prepare to meet the issue as

to the representative capacity of the alleged agent. However, we do not think the rule is applicable where, as in the instant case, the reason for its application does not exist. Intervener relies for recovery against Joiner upon the mechanic's lien contract; necessarily, in procuring the execution of the contract the corporation was represented by an authorized agent, and this individual —that is, the one commissioned by intervener to procure the contract—allegedly made the fraudulent representations to Joiner. This being true, intervener could readily have identified its said agent, and determined whether or not he acted at all, as alleged, or within the scope of his authority; in fact, intervener was in a better position to identify the agent than was defendant Joiner; therefore, we hold that the court erred in sustaining the special exception and in striking out the defensive plea.

■ However, as to the action of the court, in sustaining the plea of two years' limitation raised by the special exception to defendant Joiner's cross-action for damages, we find no error. It reasonably appears from the allegations of defendant that the cross-action for damages accrued more than two years prior to the filing of the plea.

So, in deciding the question of limitation, we must first determine whether the claim for damages for the alleged breach of the employment contract constitutes a payment on the paving debt, or an action for damages; for if a payment, defendant could not have maintained an independent action thereon, or an action to force the same as a credit on the debt until sued for its recovery, therefore the claim, if considered a payment, would not be barred by limitation. But, if defendant Joiner could have maintained an independent action for the recovery of his alleged damages, they cannot be considered a payment on the paving debt, therefore, limitation would begin to run immediately on the breach of the alleged employment agreement. Considering the nature of the alleged agreement and the rights of the parties thereunder, we are of opinion that the claim for damages was not a payment, but simply furnished the basis for an independent action, therefore, the statute of limitation was put in operation on the breach of the alleged employment agreement. Nelson v. San Antonio, etc., Co., 107 Tex. 180, 175 S.W. 434.

In harmony with these views, we hold that the court did not err in sustaining the

exception and striking out defendant Joiner's cross-action for damages; but because of the error in sustaining the exception to the defensive plea, wherein defendant set up fraud in the procurement of the mechanic's lien contract, the judgment below is reversed and the cause is remanded for further proceedings.

Reversed and remanded.