UVALDE CONSTRUCTION COMPANY (CITY OF TERRELL) v. R. F. JOINER.

No. 7264. Decided March 22, 1939.
(126 S. W., 2d Series, 22.)

594

*F. W. Bartlett, F. W. Bartlett, Jr., Thornton & Montgomery,* all of Dallas, for plaintiff in error.

The special assessment levied by the ordinance of the City of Terrell is not invalid merely because the proceedings do not name R. F. Joiner as owner of the property assessed. West Texas Construction Co. v. Adams, 126 Texas 173, 86 S. W. (2d) 1115; Jones v. Gourgh, 175 S. W. 1107; Pleasant v. Mims, 55 S. W. (2d) 171.

*Charles Ashworth,* of Kaufman, for defendant in error.

MR. JUDGE HICKMAN delivered the opinion of the Commission of Appeals, Section A.

This litigation began as a suit by the City of Terrell against W. O. Boyd et al., and ended as a suit by Uvalde Construction Company against R. F. Joiner. No statement of facts accompanies the record and no findings of fact and conclusions of law were filed. Our statement of the case must therefore be taken from the transcript.

The City of Terrell, according to the pleadings, adopted the provisions of Chapter 106, First Called Session of the 40th Legislature, being known as the Paving Act of 1927, and being Article 1105b of Vernon's Texas Statutes. Proceeding under that statute it levied a special assessment against a lot in the City of Terrell to pay a portion of the cost of paving a street upon which the lot abutted. The certificate of special assessment was issued by the City to Uvalde Construction Company and its assigns and evidenced an assessment levied against the lot and against W. O. Boyd as owner. R. F. Joiner and I. D. Hunnicutt were made defendants in the suit, it being alleged that they were claiming to have some interest or title in the lot subordinate to the lien and claim of plaintiff. The relief sought was a personal judgment against Boyd on the certificate and a foreclosure of the assessment lien as against all of the defendants. Uvalde Construction Company intervened, alleging that it was the legal owner and holder of the certificate and indebtedness and entitled to enforce and collect the same in its own name. It adopted the allegations of the city's petition and also declared upon a mechanic's lien contract entered into between it and defendant Joiner. Judgment was sought both upon the certificate and upon the contract. Joiner answered this plea of intervention and by way of cross action sought damages for the alleged breach by the Construction Company of the terms of an oral contract made contemporan-

eously with the written mechanic's lien contract. The trial court sustained certain special exceptions, hereinafter to be more fully stated, interposed by the Construction Company to Joiner's answer and the case proceeded to trial on the pleadings as they existed after these exceptions were sustained. A jury was waived, and after hearing the evidence the trial court rendered judgment as follows:

It was recited in the judgment that plaintiff and intervenor had dismissed Boyd and Hunnicutt from the suit and it was decreed that they go hence without day. It was then recited that the city instituted the suit for the use and benefit of the Construction Company, which was the owner and holder of the certificate of special assessment, and was decreed that the plaintiff, City of Terrell, take nothing. As between the Construction Company and Joiner the judgment recited that it appeared to the Court that there was then due and owing to the Construction Company on the certificate of special assessment and the mechanic's lien contract $410.31, including principal, interest and attorney's fees, and it was decreed that the Construction Company do have and recover of Joiner the sum of $410.31. The judgment further recited that that amount was secured by a valid and subsisting "special assessment and mechanic's lien" upon the property described in plaintiff's petition and it was ordered, adjudged and decreed that "said assessment lien as it existed on the 26th day of February, 1929, and said mechanic's lien as it existed on the 24th day of April, 1929, or at any time thereafter, be and the same are hereby foreclosed. * * *."

Joiner prosecuted a writ of error to the Court of Civil Appeals at Dallas, which court reversed the judgment of the trial court and remanded the cause thereto. 103 S. W. (2d) 1055.

The special exceptions of the Construction Company to the answer of Joiner, all of which were sustained by the trial court, were, in substance, as follows: First, that the allegations with reference to fraud were too general and were insufficient; second, that the alleged oral agreement was pleaded as a cross action for unliquidated damages, which could not be set up in a suit founded upon a liquidated demand; third, that the answer did not state the name of the agent of the Construction Company alleged to have made the oral contract with Joiner; and fourth, that the cause of action pleaded by Joiner was barred by the two years statute of limitation.

The Court of Civil Appeals held that the trial court erred in sustaining intervenor's special exception to that portion of

the answer alleging fraud practiced by intervenor's agent in procuring the execution of the lien contract, and also the exception directed at the failure of the answer to give the name of the agent alleged to have made the oral representations. It overruled the assignment complaining of the action of the trial court in sustaining the exception presenting the plea of two years limitation.

We approve this latter holding by the Court of Civil Appeals, because the action was clearly one for damages, which could have been maintained as an independent action, and the petition disclosing that more than two years had elapsed after the accrual of that alleged cause of action, it was barred by limitation. The cross action upon which the case went to trial was defendant's third amended answer. It clearly disclosed that more than two years had elapsed at the time it was filed since the accrual of his alleged cause of action for damages. We are not advised by the record when the original answer was filed. Ordinarily abandoned and superseded pleadings have no place in the transcript, but if it be necessary to look to such pleadings on a question of limitation they properly belong there. District and County Court Rule No. 14. The trial court had that information before it when the exception was sustained. Presumably that court entered the correct judgment and the burden was upon Joiner, if he would have that judgment overturned, to bring to the Court of Civil Appeals a record which disclosed error. Not having done so, that court correctly upheld the trial court's order sustaining the exception.

We do not agree with the holding of the Court of Civil Appeals that the judgment of the trial court should be reversed on account of the sustaining of the other special exceptions. As pointed out above, the judgment established Joiner's liability upon both the certificate and the contract and foreclosed the lien fixed by each. No assignment in the Court of Civil Appeals complained of the judgment in so far as it was based upon the certificate of special assessment, but complained only of the rulings of the trial court on the special exceptions, all of which were leveled at allegations with reference to the mechanic's lien contract. As we understand the opinion of the Court of Civil Appeals, it holds that fundamental error was committed by the trial court in rendering judgment upon the certificate, because in the proceedings fixing the assessment lien and in the certificate Boyd was named as the owner and Joiner's name was not mentioned. We do not agree with the holding that the proceedings and the certificate were void because of this error

in naming the true owner of the property. We must presume in support of the trial court's judgment that it was established upon the trial that Joiner was the true owner of the lot. The statute under which the city proceeded, Vernon's Civil Statutes, Article 1105b, provides in Section 6 thereof that, "Any assessments against abutting property shall be a first and prior lien thereon from the date the improvements are ordered, and shall be a personal liability and charge against the true owners of such property at said date, whether named or not." This language calls for no construction. It has been upheld by this Court as against an attack upon its constitutionality and has been enforced in accordance with its plain terms. Smithey v. Shambaugh, 126 Texas 396, 88 S. W. (2d) 475, and West Texas Construction Co. v. Adams, 54 S. W. (2d) 547, affirmed by memorandum opinion in Shirey v. West Texas Construction Co., 126 Texas 173, 86 S. W. (2d) 1115. It thus appears that the errors, if any, for which a reversal of the trial court's judgment was ordered were immaterial and harmless, for the judgment was not based alone upon the mechanic's lien contract, but was based as well upon the certificate of special assessment.

■ For another reason the trial court's judgment should not have been disturbed. By his cross action Joiner alleged that the Construction Company, through its agent, agreed to employ him at $2.00 per day to look after the machinery, and he sought recovery of $1500.00 alleged to be due him under that contract. In his prayer he did not seek a rescission of the contract on account of fraud, but sought judgment for damages by reason of its breach. There were some allegations in his petition which would indicate that he was relying upon fraud and seeking to avoid the contract on account thereof, but his petition as a whole, including his prayer, clearly affirms the contract. Having elected to treat the contract as valid and to recover damages on account of its breach, he could not maintain a suit for rescission. This is a well settled elementary principal. Thrower v. Brownlee (Com. App.) 12 S. W. (2d) 184; Kennedy v. Bender, 140 S. W. 491; Evans v. Southern Methodist University, 87 S. W. (2d) 918, reversed on other grounds in 115 S. W. (2d) 622; 20 Texas Jur. p. 121, sec. 81 and authorities there cited; 12 R. C. L. 409-410, sec. 155; 27 C. J. 18, sec. 128.

■ Joiner pleaded that the property was his homestead at the time the city undertook to fix a lien thereon. As noted above, he did not bring up a statement of facts, and in support of the trial court's judgment it must be concluvisely presumed that

he failed to establish that defense or any other defense resting upon testimony.

If there was any error in the judgment of the trial court material in its nature, it has not been assigned. Accordingly it is ordered that the judgment of the Court of Civil Appeals be reversed and that of the trial court affirmed.

Opinion adopted by the Supreme Court March 22, 1939.