Walter JAY et ux., Appellants,

v.

UNITED FIDELITY LIFE INSURANCE COMPANY, Appellee.

No. 6551.

Court of Civil Appeals of Texas.

Amarillo.

Dec. 31, 1955.

W. Ernest West, Canton, Grady West, Lubbock, for appellants.

Cade & Bowlin, Lubbock, for appellee.

NORTHCUTT, Justice.

This was an action brought by appellee, plaintiffs in the trial court, in trespass to try title as well as for damages. The case was tried to the court without a jury. Judgment was entered awarding appellee title and possession of the land in question together with judgment in the sum of $1,125. This appeal was perfected by transcript only. The original transcript was filed in this Court on June 22, 1955. On September 2, 1955, the appellee filed its brief herein requesting that the case be affirmed since the appellant had not filed any brief in the case. However, on October 3, 1955, appellants requested that they be permitted to file their brief which the Court permitted to be filed.

By appellants' first three assignments of error they complain of the action of the trial court in rendering judgment for appellee because of appellee's failure to file abstract after demand for the same was made by appellant. On March 23, 1955, appellants requested appellee to file a complete abstract of title to the land involved. On March 26, 1955, the appellee filed what was designated as an abstract submitted pursuant to the demand made by the defendant, appellants herein. In this instrument, the appellee sets out instruments from the common source of title on down to and including the deed under which appellee claims title. Appellee claimed title by virtue of a foreclosure under a deed of trust lien given by the appellants.

This designated abstract sets out each instrument separately it relied upon giving the kind of instrument, the grantor's name, the grantee, date of the instrument, book and page where recorded and by whom it

was acknowledged. The instruments set out in the "Abstract Submitted Pursuant to Demand" set out deed of trust from Howard Medlock and wife, Virginia Medlock, to Lincoln National Life Insurance Company; deed from Medlock to Ralph R. Robertson; deed from Robertson and wife to Walter Jay (this appellant); deed of trust from Walter Jay and wife, Grace Jay, to George W. McCleskey, trustee for G. H. Nelson; assignment of lien from G. H. Nelson to this appellee and other instruments up to and including deed to appellee by virtue of sale under the terms of the deed of trust. Rule 791, Texas Rules of Civil Procedure, concerns the demand for abstract in writing of the claim of title to the premises in question upon which appellee relied. Rule 793 sets out what is necessary to comply with Rules 791 and 792. Rule 792 is not involved herein as there is no question about the time element.

The appellee, in its "Abstract Submitted Pursuant to Demand" gave the nature of each document it intended to use in evidence and its date; the parties thereto and proof of acknowledgment and the officer taking each acknowledgment; where each instrument was recorded giving the book and page and showing that all said instruments where recorded in Lubbock County, Texas. We are of the opinion and so hold that appellee complied with the Rules 791 and 793 in furnishing the necessary abstract as requested. It seems to be the contention of appellants that the appellee was compelled to furnish a complete abstract of title which would be brought from the State of Texas up-to-date. We do not so construe the rule because appellee claims to have title under the common source of title as above set out and designates the instruments appellee expected to introduce in evidence and nothing to show the appellants were surprised or in any manner misled. Texas Co. v. Lee, 138 Tex. 167, 157 S.W.2d 628.

We deem it unnecessary to discuss the other assignments of error presented by appellants since they all deal with the findings and holdings of the trial court.

We find nothing in the record where appellants show that they did not owe the appellee originally but seemed to rely upon misdescription of the property in question. The trial court in its findings of fact found:

"The court finds it to be a fact that the defendants, Walter Jay and wife, Grace Jay, did not offer any evidence of any kind or character which would establish or tend to establish in them any title or right of possession to the land here involved."

The many other findings of the trial court certainly sustain the right of appellee to the judgment entered. This Court must presume such facts were such as to support the judgment of the trial court as stated by the Supreme Court in Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363, at page 365:

"The record shows that Smith's motion to reopen was overruled by the trial court after it had 'considered the pleadings, evidence and argument of counsel.' What evidence the court heard does not appear since there is no statement of facts. Nor are there findings of fact or bills of exception. With the record in this attitude, Commercial Credit Corporation urges that the Court of Civil Appeals erred in reversing the judgment of the court below because all presumptions must be indulged in favor of that judgment, the case having been tried to the court without a jury, and particularly it must be presumed that the trial court found the facts to be such as would support the judgment, which 'in the case at bar involved the finding that citation by publication was proper.' This contention must be sustained. It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment and where there are no findings and no statement of facts, such facts as are necessary to support the judgment must be presumed to have

been found. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Anchor v. Wichita County Water Improvement District No. 2, 129 Tex. 70, 103 S.W.2d 135, 112 A.L.R. 70; Home Owners Loan Corporation v. Cilley, Tex.Civ. App., 125 S.W.2d 313 (error refused); Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22; Valdez v. Rodriguez, Tex.Civ.App., 173 S.W.2d 514 (error refused); 3 Tex.Jur. 529 et seq. (§§ 373, 374, 378–382 incl.); 3 Tex.Jur. 1062 et seq. (§§ 749, 750)."

Judgment of the trial court is affirmed.