**PAT H. STANFORD, Inc., Appellant,**

v.

**B. H. FRANKLIN et ux., Appellees.**

**No. 5247.**

Court of Civil Appeals of Texas.

El Paso.

April 23, 1958.

Acklen & Bailey, Midland, for appellant.

James G. Noland, Stubbeman, McRae & Sealy, Midland, for appellees.

WILLIAMS, Justice.

This suit was originally filed on December 20, 1955, by B. H. Franklin and his wife, against Pat H. Stanford, Inc., in

trespass to try title. By an amended pleading, two checks given by Stanford to the Franklins, totaling $3,500, were described and sued upon, same being Count 4 in said amended pleading, and so far as this appeal is concerned, only this part of the pleading is under consideration.

Immediately after the checks were given, Stanford stopped payment on one of them, and the bank declined to pay both of them, and this suit followed.

Appellant Stanford answered by a plea of not guilty and a general denial, and never filed any other pleading.

On May 25, 1956, appellant's motion for summary judgment was heard, but no order was entered thereon, as required by Rule 166(g), Texas Rules of Civil Procedure.

 A pre-trial conference was held, at appellant's request, on September 21, 1956, as will later be discussed, and, on September 24, 1956, the case came on for trial, but each party stated to the court that it was not ready for trial on the merits, and appellees filed an instrument which they termed "Motion for judgment on the pleadings", and a hearing was thereon had. At the conclusion of this hearing, the court rendered judgment in favor of the appellees against appellant for the face value of the checks. A part of his judgment is as follows:

"It further appeared to the court that the said defendant, Pat H. Stanford, Inc., has never filed any pleading herein sufficient to challenge the verity of such notes or checks, but that, rather, the said defendant has filed only a general denial which is wholly insufficient to raise a legal defense to plaintiffs' said cause of action based upon such notes."

In this we think the trial court was clearly in error. In 6 Tex.Jur., page 944, it is said:

"Although a general denial does not put the plaintiff to proof of the execution of the instrument in suit, it requires him to produce the instrument and introduce it as evidence or show an excuse for not doing so."

This has long been the settled law in Texas. See: Bedwell v. Thompson, 25 Tex.Supp. 247; Jackes-Evans Mfg. Co. v. Goss, Tex. Civ.App., 254 S.W. 320; Webb v. Reynolds, Tex.Com.App., 207 S.W. 914.

After this judgment was entered, to-wit, on November 5, 1956, appellant Stanford filed a motion for the trial court to file Findings of Fact and Conclusions of Law. This was done, and appellees rely heavily on Finding 8, which is as follows:

"A full hearing on appellant's said motion for summary judgment was held on May 25, 1956, and appellant did not ever controvert, orally, in writing, or otherwise, the facts alleged in said paragraph 3(d) of appellees' affidavit concerning the said checks. Rather, appellant's attorney admitted that the two checks were executed by appellant and delivered to appellees when appellant obtained the deed—one of the checks being in the amount of $1,675.-00 and the other for $1,825.00, marked 'damages'. And it was the argument of appellant's attorney that since appellees had the checks in their possession and had not returned, or offered to return them, they had ratified the deed and for such reason, and the additional reason that appellees had an adequate remedy at law, could not maintain a suit for cancellation of the deed."

It will be recalled that this hearing was based on a motion for judgment on the pleadings, and a part of the court's judgment is as follows:

"Wherefore, after hearing and considering plaintiffs' said written motion for judgment and defendant's written response thereto, the pleadings herein,

and the respective arguments of counsel, the court was of the opinion that plaintiffs are entitled to judgment as a matter of law against the said defendant, Pat H. Stanford, Inc., for said sum of $3,500.00 * * *"

In 41 Am.Jur. 520, section 335, it is said:

"A motion for judgment on the pleadings, which is of common-law origin, is an appropriate remedy where the pleading is fatally deficient in substance, that is * * * where the answer fails to state a defense sufficient in law to the cause of action alleged by the plaintiff or fails to tender any issue of facts in the case."

In this regard, such a motion is similar to our formal "general demurrer", and, as the title implies, is a construction of the pleadings only. We do not think that the above Finding 8, which is based on a hearing some four months prior to the judgment, can have any effect on the fact issue raised herein. The purpose of requiring proof of the fact that plaintiffs were in possession of the instruments sued on was, of course, to show that the instruments had not been transferred or assigned to another; in other words, that plaintiffs were the then holders. The argument of appellant's counsel on May 25th that appellees were then in possession of the instruments is certainly not conclusive proof that they were in possession of them on September 24th, when judgment was rendered.

Appellant relies largely on Friddell v. Greathouse, Tex.Civ.App. Dallas, 230 S.W. 2d 579 (wr. dism.), but we do not consider such case in point here. In the Friddell case there was a hearing before the court on the merits, and the case only decides that the suit, which was similar to the instant one, could be based on the check in question, although payment had been stopped on it. It does not decide that the pleadings did not raise a fact issue. This was not a hearing on the merits and cannot even be considered a hearing for summary judgment, because appellant was not served with same ten days before the time specified for the hearing, as required by Rule 166–A(c), and appellant's counsel did not agree to said hearing.

It is clear to see that the court considered and found that defendant's general denial did not raise any issue of fact; but with this we disagree, as pointed out above, and therefore appellant's Points 1 and 2, based on this proposition of law, are sustained.

Appellant's Point 3 complains that he was not allowed to file a trial amendment setting up fraud, duress, failure of consideration, etc., at the time the above motion was heard. We think the record shows that the court did not abuse its discretion in this regard, but think it becomes immaterial in view of our holding above.

Wherefore, said cause is reversed and remanded.