Reta STOVALL, Appellant,

v.

Everett SCOFIELD et al., Appellees.

No. 16020.

Court of Civil Appeals of Texas.

Fort Worth.

June 5, 1959.

Gregg & Bishop and C. M. Gregg, Texas City, for appellant.

J. Leonard Gotsdiner and Leonard Z. Finger, Houston, for appellees.

RENFRO, Justice.

On October 2, 1956, Minnie Scofield executed a warranty deed conveying certain property in Galveston County to Reta Stovall. Minnie Scofield died December 17, 1956. She had, on June 30, 1954, executed a will, which, after her death, was duly probated.

Sometime thereafter the beneficiaries under the will brought suit against Reta Stovall, in which they prayed for cancellation of the Scofield to Stovall deed on the ground of forgery, and, in the alternative, for cancellation for fraud and undue influence. Plaintiffs also asked for recovery of $32,000 alleged to have been misappropriated by Reta Stovall, and for recovery of a diamond ring allegedly misappropriated by Reta Stovall.

The judgment entered on the verdict for the plaintiffs contained the following clause: "and such additional considerations and findings as were authorized by law having been had and made, and the Court being of the opinion that Judgment should

be rendered * * * for the Plaintiffs"; whereupon the judgment canceled the deed involved, provided for recovery by plaintiffs from Reta Stovall of $7,745.55, and adjudged title to the diamond ring in plaintiffs.

 After defendant's motion for new trial was overruled she requested the court reporter to transcribe the testimony of the witness Amburn, who testified solely as to the value of the real estate in question. Such testimony is the only purported statement of facts filed in this court. It is not approved by plaintiffs, and the trial judge merely certified that it was approved and ordered filed as the statement of facts "as requested to be prepared by defendant". The plaintiffs did not agree to the filing of the above but specifically requested that all evidence, except testimony pertaining solely to the signature of Minnie Scofield, be included in the statement of facts. The partial statement of facts, under the circumstances, cannot properly be considered by us. Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208.

Defendant has presented five points of error. The points present matters which, from their nature, cannot be determined by us without a statement of facts or bills of exceptions.

The burden is upon defendant, appellant in this court, to show from the record as a whole that the errors complained of amounted to such a denial of her rights as were reasonably calculated to cause, and probably did cause, the rendition of an improper judgment in the case. Ligon v. Green, Tex.Civ.App., 206 S.W.2d 629; Southwestern Greyhound Lines v. Dickson, 149 Tex. 599, 236 S.W.2d 115; Texas Pipe Line Co. v. Hunt, 149 Tex. 33, 228 S.W.2d 151; Rule 434, Texas Rules of Civil Procedure.

Upon consideration of the record as a whole, and as presented to this court without a statement of facts, we are unable to say there is any reversible error shown.

See City of Galveston v. Hill, 151 Tex. 139, 246 S.W.2d 860.

It is settled that in the absence of a statement of facts the appellate court will presume that the evidence is sufficient to support the verdict and judgment. Dyche v. Simmons, Tex.Civ.App., 264 S.W.2d 208; Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363; Schweizer v. Adcock, 145 Tex. 64, 194 S.W.2d 549.

The burden is upon the appellant to bring up the whole record. If appellant brings up a record which shows the proceedings only in part, every presumption will be indulged in favor of the ruling below, and a reversal will not be ordered unless it appears that upon no possible state of the case could the ruling be upheld. 3-A Tex.Jur., p. 487, § 391.

The judgment of the trial court is affirmed.

Affirmed.