**W. A. WEEMS, Appellant,**

v.

**Floyd Earl HENRY et al., Appellees.**

**No. 16493.**

Court of Civil Appeals of Texas.

Fort Worth.

Feb. 14, 1964.

Robert Buntyn, Denton, for appellant.

No brief filed in Court of Civil Appeals by appellees represented in trial court by Robert Weldon Knight, Denton.

PER CURIAM.

Plaintiff W. A. Weems sued Floyd Earl Henry and Ethel F. Norman, defendants, for debt as exhibited by notes, and for foreclosure of chattel mortgages to secure the same. The defendants answered, under oath, denying plaintiff's allegations and more specifically denying execution of the notes.

Trial was to a jury, and in reply to special issues the jury found that defendants were indebted to plaintiff (defendant Henry in the amount of $113.35 and defendant Norman in the amount of $53.35). In answer to issues posing the question of whether defendant Henry mortgaged to the plaintiff "the items of property shown upon plaintiff's exhibits number 1 and 2", and whether the defendant Norman mortgaged to the plaintiff "the items of property shown upon plaintiff's exhibits number 2", the jury found in the negative, or "No".

Based upon the verdict of the jury, and upon all the testimony and evidence offered in the trial, decree was rendered for plaintiff and against the defendants in accord with the verdict. Foreclosure of the mortgages claimed by the plaintiff was denied in view of the jury's finding that the defendants had not given such mortgages.

The plaintiff perfected an appeal to this court, but in connection therewith did not bring forward any statement of facts.

Plaintiff's single point of error asserts that the trial court erred in permitting the jury to decide by special issues a question of law, to-wit: "the legal effect of the instruments designated appellant's exhibits one and two".

In the transcript we find the instruments to which plaintiff obviously refers, bearing what appear to be the reporter's file marks, as "Plaintiff's exhibit #1", and "Plaintiff's exhibit #2". The first of these is a combination installment note and chattel mortgage on a Cadillac automobile, in the amount of $350.00, dated July 7, 1962, executed by Floyd Earl Henry. The second of these is a combination installment note and chattel mortgage on various personal items and furniture, in the amount of $166.-70, dated May 5, 1962, executed by Floyd Earl Henry, Lilly Mae Henry and Ethel F. Norman.

Neither of these instruments was attached to plaintiff's petition. They might have been introduced in evidence during the trial, but this was not shown to have been the fact. Furthermore, for all we know by the record presented there was evidence by the defendants denying their execution of these instruments, that their signatures were forged, etc. Our view is that we may not consider either as having the dignity of legal evidence.

The case before us is one in which the appealing party, in support of the point of error presented, should have found it necessary to make a statement of facts a part of the record on appeal, for only by reference to such could a test be made to eliminate the possibility that the inquiries of the jury were actually upon questions of fact. Texas Rule of Civil Procedure 371, "Record on Appeal Defined". Absence of any statement of facts inhibits determination of the merit of the point of error presented.

We have no alternative but to affirm the judgment of the trial court. It is therefore affirmed.