Robert B. CRUZ, Jr., et al., Appellants,

v.

FIRST CREDIT CORPORATION, Appellee.

No. 14237.

Court of Civil Appeals of Texas.

San Antonio.

June 3, 1964.

Rehearing Denied July 8, 1964.

Porter, Madalinski & Mondin, William M. Porter, San Antonio, for appellants.

Edward W. Halbardier, San Antonio, for appellee.

MURRAY, Chief Justice.

This suit was instituted in the County Court of Bexar County by First Credit Corporation against Robert B. Cruz, Jr., and Robert B. Cruz, Sr., seeking to recover the balance due upon one certain promissory note, originally in the sum of $1,249.-20, and for the foreclosure of a chattel mortgage lien against a 1958 Chevrolet automobile. The trial was before the court and resulted in judgment in favor of plaintiff in the sum of $826.00, together with interest and attorney's fees, and for foreclosure of the chattel mortgage lien on the 1958 Chevrolet automobile. Defendants have prosecuted this appeal. The appeal was taken upon the transcript alone, and no statement of facts or bills of exceptions were filed in this Court.

The trial court made the following findings of fact in its judgment:

"And it appearing and the Court finding, having read the pleadings and considered the facts, that the cause of action is liquidated, being based upon a note and chattel mortgage; and further that Defendants made, executed and delivered their note and chattel mortgage of which Plaintiff is owner and holder of, and that Plaintiff, FIRST CREDIT CORPORATION, is

entitled to recover of, from and against the Defendants, ROBERT B. CRUZ, JR., and ROBERT B. CRUZ, SR., jointly and severally, the sum of EIGHT HUNDRED TWENTY-SIX AND NO/100 ($826.00) DOLLARS, plus interest at the rate of ten (10%) per cent per annum from August 31, 1962 until paid, plus 15% of the principal and interest due when paid as attorney's fees; and that Plaintiff is entitled to judgment on its pleadings as prayed for against the Defendants, ROBERT B. CRUZ, JR., and ROBERT B. CRUZ, SR., jointly and severally; and the Court further finds that said above note is secured by a chattel mortgage on the hereinafter described property and that Plaintiff is owner and holder of a first, prior and superior lien and mortgage on the hereinafter described property and is entitled to a foreclosure of its first, prior and superior mortgage lien on the following described property:

  1—1958 Chevrolet 2-door Biscayne, Motor No. D58S206705, 1961 License Number FA 3885, together with any and all equipment, attachments, accessories, repairs and additions thereon and thereto

as such mortgage existed on June 8, 1961."

Appellants' first point is as follows:

"The trial court erred in holding as a matter of law that plaintiff was entitled to recover upon a contract of sale without proving up same in the trial of the cause in the face of a sworn denial by defendants and the appearance in court of all the parties."

In the absence of Bills of Exceptions and a Statement of Facts, this point cannot be considered. The findings of the trial court are sufficient to support the judgment rendered, and unless the rec-ord shows to the contrary, every reasonable presumption will be indulged in favor of the findings and the judgment of the trial court. In 4 Tex.Jur.2d 329, § 806, we find the following statement:

"Unless the record shows to the contrary, every reasonable presumption will be indulged in favor of the findings and judgment of the trial court, and no presumptions will be indulged against the validity of the judgment. The presumption in favor of the judgment has been applied where no findings of fact or conclusions of law have been filed, and where no statement of facts accompanies the record. Thus it will be presumed that the judgment was correct and based on a proper ground, and that it was warranted by the pleadings, and the evidence. Further, the findings of the trial court will be construed as a whole, and if they are ambiguous and susceptible of different constructions they will be construed, if possible, to support the judgment."

In Peacock v. Bradshaw, 145 Tex. 68, 194 S.W.2d 551, 554, the Court said:

"There being no statement of facts, we look, for the facts as to the child's domicile, to the trial court's findings of fact, which we must assume are supported by evidence."

In Commercial Credit Corporation v. Smith, 143 Tex. 612, 187 S.W.2d 363, 365, Justice Simpson, speaking for the Supreme Court, said:

"The record shows that Smith's motion to reopen was overruled by the trial court after it had 'considered the pleadings, evidence and argument of counsel.' What evidence the court heard does not appear since there is no statement of facts. Nor are there findings of fact or bills of exception. With the record in this attitude, Commercial Credit Corporation urges that the Court of Civil Appeals erred in

reversing the judgment of the court below because all presumptions must be indulged in favor of that judgment, the case having been tried to the court without a jury, and particularly it must be presumed that the trial court found the facts to be such as would support the judgment, which 'in the case at bar involved the finding that citation by publication was proper.' This contention must be sustained. It is not open to question that in the absence of a statement of facts, every presumption must be indulged in favor of the trial court's findings and judgment and where there are no findings and no statement of facts, such facts as are necessary to support the judgment must be presumed to have been found. McElyea v. Parker, 125 Tex. 225, 81 S.W. 2d 649; Anchor v. Wichita County Water Improvement District No. 2, 129 Tex. 385, 103 S.W.2d 135, 112 A.L.R. 70; Home Owners Loan Corporation v. Cilley, Tex.Civ.App., 125 S.W.2d 313 (error refused); Uvalde Construction Co. v. Joiner, 132 Tex. 593, 126 S.W.2d 22; Valdez v. Rodriguez, Tex. Civ.App., 173 S.W.2d 514 (error refused); 3 Tex.Jur. 529 et seq. (§§ 373, 374, 378–382 incl.); 3 Tex.Jur. 1062 et seq. (§§ 749, 750)."

In Hursey v. Thompson, 141 Tex. 519, 174 S.W.2d 317, 319, Justice Critz, speaking for the Supreme Court, said:

"When we come to examine the record in this case, we find that it is before us without a statement of facts. The trial court filed conclusions of fact. * * * There being no statement of facts, we must give verity to such findings. We must further indulge the presumption that the evidence in this case in the trial court supports the judgment of such court."

In Harris v. Lebow, Tex.Civ.App., 363 S.W.2d 184, the Court said:

"By his second, third, fourth, fifth, sixth, seventh, ninth, tenth, twelfth and thirteenth points appellant contends that there was 'no evidence' or 'insufficient evidence' to support appellee's recovery and that the amount of damages awarded appellee are manifestly too large. These points must be overruled. As revealed above the record does not contain a statement of facts but there are elaborate findings of fact and conclusions of law by the court. It is a familiar rule of law that in the absence of a statement of facts a reviewing court will presume that the evidence was sufficient to support the verdict and judgment. In such a case we are required to indulge every reasonable presumption consistent with the record in favor of correctness of the judgment of the trial court. Currie v. Hergotz, Tex.Civ.App., 250 S.W.2d 247; Smith v. Ansley, Tex.Civ.App., 257 S.W.2d 156; Consolidated Underwriters v. McCauley, Tex.Civ.App., 320 S.W.2d 60; Stovall v. Scofield, Tex. Civ.App., 325 S.W.2d 221; Sekaly v. Hilton Center, Inc., Tex.Civ.App., 340 S.W.2d 827."

In Dutchover v. Dutchover, Tex.Civ. App., 334 S.W.2d 569, 571, the Court said:

"Since this appeal was not accompanied by a statement of facts, we are confined, in our review of this appeal, to the findings of fact and conclusions of law filed by the trial court and stated in its judgment, and we must assume that such findings of fact are supported by the evidence. In such case, only the correctness of the legal conclusions from the facts actually found may be reviewed by the appellate court."

Appellants' first point is overruled.

■ Appellants' "POINT II" is as follows:

"The trial court erred in not allowing the defendants to present the issue, duly raised by the pleadings, concerning a new agreement between the parties."

We overrule this point. The court sustained exceptions to that part of appellants' answer, and they are not here complaining that the exceptions were sustained. After the exceptions had been sustained and appellants had not asked leave to file an amended answer, there was no issue raised by the answer which could properly be submitted to the jury.

Appellants' "POINT III" is as follows:

"The trial court erred in failing to summon a court reporter after due request by defendants."

■ The mere fact that the court reporter was not present in the court, and that appellants requested his presence does not present any reversible error. Hall v. Kynerd, Tex.Civ.App., 97 S.W.2d 278.

Appellants' "POINT IV", their last, is as follows:

"The trial court abused its discretion in allowing the plaintiff to take judgment on its pleadings by wholly disregarding Rules 63, 90, and 248, T.R. C.P."

The trial court did not abuse its discretion in rendering judgment under all the facts and circumstances herein, and in no way violated Rules Nos. 63, 90 and 248, Texas Rules Civil Procedure.

The judgment is affirmed.

BARROW, Justice.

I respectfully dissent.

The judgment shows that the trial court sustained appellee's special exceptions and then sustained appellee's motion for judgment on the pleadings. Since no evidence was introduced, there can be no statement of facts and there can be no presumption that the trial court found such facts as necessary to support the judgment. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317.

The judgment provides in part:

"On this the 14th day of May, A.D., 1963, came on to be heard upon special setting, the above styled and numbered cause and came the Plaintiff and its attorney of record, and both the Defendants, and their attorney of record and each and all announced ready; and thereupon Plaintiff urged its special exceptions to the answer of the Defendants and each and all paragraphs thereof and motion for judgment and requested and was granted permission to make and file the same by trial amendment, and the Court proceeded to hear such special exceptions and the facts and the law applicable thereto is of the opinion and finds that such exceptions should each and all be granted, and said motion for judgment granted, and

"It is accordingly ORDERED, ADJUDGED AND DECREED that each and all the exceptions made and submitted by Plaintiff, be, and the same are hereby in all things sustained and said motion for judgment granted."

There is no evidence upon which the trial court could base any findings of fact and it is seen that the trial court found "that Plaintiff is entitled to judgment on its pleadings * * *." Any ambiguity in this recitation of what transpired is made abundantly clear by appellee's statement of the nature of the case.[1] It is seen that appellee

---

1. "On setting May 14, 1963, all parties appeared in Court, and announced ready, and a demand for jury was made by Appellants. Before announcing ready to proceed with trial, Appellee announced in open court that it had exceptions to urge before proceeding to trial and presented its exceptions to Paragraph 5 as set out in Appellants' First Supplemental Petition, Transcript Page 8, as well as obtained permission of the Court to present orally exceptions to the remaining paragraphs and Answer of the Defendants and Motion for judgment, with the right to later reduce same to writing, leave of which was granted, and such Second Trial Amendment to Paragraph 1 of Plaintiff's Supplemental Petition was reduced to

does not assert that any witness was heard or any evidence was presented other than "a discussion of the facts" by counsel in connection with the presentation of appellee's exceptions. Appellee's motion for judgment provides that appellants' "answer should be stricken as a whole, and judgment rendered for Plaintiff and by it prayed for, there being no legal defense thereto presented by Defendants."

Appellants filed a sworn answer, in which they denied the allegations contained in paragraph 2 of appellee's answer. This paragraph contains the appellee's only allegations that appellants had executed and delivered the note sued on herein to appellee. Although this is not such a specific, categorical denial as contemplated by Rule 93(h), T.R.C.P., it is seen that appellee did not except to this conclusion. Any defects in the non est factum pleading were thereby waived. Hall v. Hall, Tex.Civ.App., 352 S.W.2d 765.

Irrespective of whether or not appellants' pleadings raised the issue of non est factum, appellee was required to introduce the note in evidence. This point was squarely presented in Stanford, Inc., v. Franklin, Tex. Civ.App., 312 S.W.2d 703, which presents a case closely analogous to ours. The trial court there granted plaintiff's motion for judgment on the pleadings, for the reason that defendant's general denial was insufficient to raise a legal defense to plaintiff's cause of action based upon notes. This was held to be error. The Court reversed and remanded the case and said: "Although a general denial does not put the plaintiff to proof of the execution of the instrument in suit, it requires him to produce the instru-

ment and introduce it as evidence or show an excuse for not doing so." See also Webb v. Reynolds, Tex.Comm.App., 207 S.W. 914; Hayward v. Duiker, Tex.Civ.App., 276 S.W. 2d 320.

The appellant Robert B. Cruz, Sr., also pleaded that he entered into a new agreement with appellee after his son attained the age of twenty-one years, and this new agreement relieved Cruz, Sr., from future liability. A new agreement would be a valid defense. Commercial Credit Corp. v. Flores, Tex.Civ.App., 345 S.W.2d 432. Appellee's trial amendment, which was presented verbally and subsequently reduced to writing, excepted to this defense as being insufficient for failure of consideration. Appellee urges that the trial court queried counsel for appellants as to what consideration he expected to prove, and found that same was insufficient. The only thing before the trial court at this time was the adequacy of appellants' pleading and if it was inadequate, appellants should have been given the opportunity to amend.

Appellants' general denial put in issue all matters pleaded by the appellee which were not required to be denied under oath. 9 Tex.Jur.2d 292. Appellee was required to prove that it is the owner or holder of the note. Jackson v. Means, Tex.Comm.App., 12 S.W.2d 167; Texas City Tire Shop, Inc. v. Alexander, Tex.Civ.App., 333 S.W.2d 690. Furthermore, appellee was required to show that the note is due and that it provides for attorney's fees, which matters are not required to be denied under oath under the Negotiable Instruments Act, nor the Rules of Civil Procedure.

writing and filed May 17, 1963, Transcript Pages 12–14. The judgment of the Court, Transcript Page 15, sets out permission being granted to file such special exceptions and Motion for judgment.

"The Court then heard and considered all such exceptions and reviewed the facts and the law with counsel for Appellants and counsel for Appellee, and counsel for Appellants was given opportunity to present and did present author-

ity, and the Court having entertained a discussion of the facts and the law and cases and heard same found for Appellee, on its exceptions and the facts and in keeping with its note and chattel mortgage, marked 'Plaintiff's Exhibit "1" CWG' (Charles W. Grace, Judge Presiding), Transcript Pages 23–24, and rendered judgment for Appellee, Transcript Pages 15–17."

Therefore, it cannot be doubted that appellee was required to introduce the note in evidence. A motion for judgment on the pleadings is a construction of the pleadings only. Stanford, Inc. v. Franklin, supra. A "discussion" of the probable evidence by counsel and even exhibition of the alleged note to the trial judge could not constitute a trial on the merits. Weems v. Henry, Tex. Civ.App., 375 S.W.2d 791. Appellee does not assert that this required proof was supplied by any discovery procedure.

The authorities cited by the majority relate solely to records which affirmatively show that evidence was heard and a review was sought of the findings, primarily formal findings of fact, made by the trial court. In none of them is it even asserted that evidence was not heard.

Appellants are entitled to their day in court. I would reverse and remand.