**W. D. SCHOOLCRAFT, Appellant,**

v.

**CHANNEL CONSTRUCTION COMPANY,**
**Appellee.**

**No. 14668.**

Court of Civil Appeals of Texas.

Houston.

Dec. 2, 1965.

Rehearing Denied Jan. 6, 1966.

Whitener, Price, Lewis & Steinberg, John W. Price, Dallas, for appellant.

Palmer, Green, Palmer & Gilmore, Jerry C. Gilmore, David J. Beck, Dallas, for appellee.

BELL, Chief Justice.

This is an appeal from a judgment rendered in favor of appellee sustaining its motion for summary judgment. The judgment was based on a promissory note executed by appellant, payable to appellee, and a later written agreement acknowledging the indebtedness and note evidencing it. Judgment was for $15,309.50, which represented the balance of the principal and interest due plus attorney's fees.

Appellee filed its unsworn petition alleging the execution and delivery of the note on August 20, 1956, and attached an unsworn copy of the note as Exhibit A. It alleged that on February 28, 1962, appellant executed and delivered to appellee an acknowledgment of the indebtedness and promised to pay the full amount together with accrued interest. An unsworn copy of the acknowledgment is attached to the petition. A certain payment is alleged to have been thereafter made and then the balance due is stated. Appellee alleged it was the legal holder of said note and the acknowledgment and that demand for payment had been made and there had been

failure to pay. Then there is the allegation with respect to an attorney's fee.

Appellant filed its unsworn answer, which consisted only of a general denial.

Thereafter, appellee, through its attorney filed a sworn motion for summary judgment. The motion states the filing of the petition and recites the substantive content of the petition. It also recites: "Copies of both said instruments were attached to Plaintiff's Original Petition and made a part thereof for all purposes." (In the motion the note and the renewal and extension of the note dated February 13, 1962, had been briefly described.) Appellee's attorney, in the motion, swears that "the matters, facts and allegations" of the Motion for Summary Judgment "are within his personal knowledge true and correct."

Appellant filed his unsworn reply to this motion and to his reply attached his affidavit. The tenor of his affidavit is that on August 20, 1956, the date of the note, he borrowed $13,000.00 from a Mr. Curtis, who at the time was a partner of appellee and with Marion L. Wheeler, who is president of appellee. Then follow purely hearsay statements, the ultimate effect of which is to state that Mr. Curtis told him (appellant) not to worry about payment of the note and that Mr. Curtis told him that in settlement of the partnership account between Curtis and Wheeler Curtis had been credited with payment of the note. In the affidavit he states he had such a conversation with Mr. Curtis on January 25, 1961. Then it is stated Mr. Wheeler continued to contact appellant about the note and on May 23, 1961, Curtis informed him of the settlement of the partnership account in which Curtis was credited with payment of the note. He then stated Curtis has made no demands for payment but has always "indicated" that he acquired Mr. Schoolcraft's obligation from Mr. Wheeler.

It is of significance that the acknowledgment of the indebtedness and promise to pay, which is in fact a renewal and ex-

tension of the note and a modification in the amounts and time of payment, was dated February 13, 1962, and approved by appellant February 28, 1962. This was after the latest conversation stated by appellant and nowhere does appellant even notice this agreement, a copy of which is attached to appellee's petition and supplemental motion for summary judgment and is a basis for this suit.

In reply to this answer of appellant to the motion for summary judgment, appellee filed what it denominated "Plaintiff's Supplemental Motion for Summary Judgment." Attached to it was the affidavit of Mr. Wheeler, the president of appellee. It contains recitals of facts, the effect of which is to establish that Mr. Wheeler is, and at all times material has been, president of appellee Company and is in charge of all the books and records of the Company and that the originals of the note and extension agreement are included in those books and records. There is also the factual recital that "no part of the debt has been forgiven by Channel Construction Company, the holder thereof." Too, the balance owing on the note is established. It is stated that Mr. Curtis is and was merely a stockholder in appellee Company, which is a Wyoming corporation, and had no authority to compromise or forgive the debt. Appellant nowhere asserts authority in Curtis to forgive the debt. Too, it is stated there was never any settlement between appellee and Curtis of appellant's indebtedness. Further, it is stated "that as shown by copies of correspondence attached" appellant previously asserted a forgiveness of the indebtedness by Curtis but he was advised that such claim was untrue and that after such advice appellant acknowledged and agreed to pay the debt and made subsequent payments thereon.

Attached to the motion and affidavits are various letters showing appellant's claim that Curtis told him Curtis had settled the note and also showing appellee's denial thereof. All such letters antedated the renewal and extension agreement. An unsworn copy of the renewal and extension agreement is also attached to the affidavit.

Appellant says the trial court was in error in granting the motion for summary judgment for the following two reasons:

1. The affidavit of appellant raised a fact issue as to whether the note had been discharged through accord and satisfaction by reason of appellee's settlement with Curtis.

2. Appellee offered no evidence sufficient to establish it was the owner and holder of the note and such issue was raised by appellant's general denial.

■ Appellant's affidavit raised no fact issue as to accord and satisfaction. There were no factual recitals within the knowledge of appellant which would evidence such. The affidavit shows affirmatively that the recitals are purely hearsay. This does not suffice. Rule 166-A (e), Texas Rules of Civil Procedure, provides, in part, that the opposing affidavits shall be made on personal knowledge, shall set forth facts as would be admissible in evidence, and shall show affirmatively that affiant is competent to testify to the matters stated therein. No facts of probative force are shown by appellant's affidavit. Box v. Bates, 162 Tex. 184, 346 S.W.2d 317; Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (S.Ct.); Trinity Universal Insurance Co. v. Horton et ux., 363 S.W.2d 376 (CCA), no writ hist.

■■ It is true, as asserted by appellant, that a general denial will raise the issue of whether appellee was holder of the note. He contends appellee made no such proof because the original was not produced; there was no sworn copy attached to the motion for summary judgment; and there was no other evidence that appellee was the holder. He relies on Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274; Southwestern Fire & Casualty Co. v. Larue, 367 S.W.2d 162 (S.Ct.); Stanford, Inc. v. Franklin, 312 S.W.2d 703

(CCA), no writ hist.; and Alexander v. Houston Oil Field Material Co., 386 S.W. 2d 540 (CCA), no writ hist.

The Gardner case was one in which there was no copy at all of the material instrument. The Larue case does not hold that the original of the note need be produced on a motion for summary judgment if it is satisfactorily accounted for. In fact, an unsworn copy of the note was attached to the petition. The majority, even though the motion was based purely on the pleadings, held since the parties seemed not to be disturbed about this and assigned no point of error in the Court of Civil Appeals there was no reversible error. Even the dissent did not require that the original be produced on motion for summary judgment. It recognized that on motion for summary judgment, as distinguished from a trial on the merits, a sworn or certified copy of the note would suffice. The dissent was based on the fact that the motion for summary judgment was based purely on the pleadings and those who joined in the dissent were of the view that the general denial at least required production of the note and proof of the amount due and attorney's fees. The Stanford case, too, was a motion based purely on the pleadings and it held this at least put the burden on the plaintiff to produce the checks sued on. It does not appear there were any sworn copies of the checks. In the Alexander case there was no sworn copy of the note nor any sworn pleading that could be construed as verifying the copy attached to the petition. The court recognizes, however, that in a motion for summary judgment a sworn copy of the note or affidavits accounting for the original and showing plaintiff was the holder would suffice.

We are of the view that appellee undisputedly proved by affidavit that it was the holder of the note and the renewal and extension agreement. In the first place, appellee's attorney, in the sworn motion for summary judgment, recited as a fact that copies of the note and the renewal and ex- tension agreement were attached to the original petition and made a part thereof for all purposes. In his affidavit he states affirmatively that the matters, facts and allegations in the motion for summary judgment are within his personal knowledge true and correct. In the second place, Mr. Wheeler in his affidavit stated that as shown by correspondence between himself and appellant, copies of which were attached, appellant acknowledged the debt and agreed to pay same. Attached to the affidavit is a copy of the renewal and extension agreement, though there is no verification on the copy itself. The copy of the agreement fully describes the note and gives the terms of the renewal and extension.

There was no exception in the trial court to the failure to attach certified or verified copies. In such case, where unverified or uncertified copies are attached and no exception is taken to the absence of certification or verification, there is a waiver of such requirement and the copies afford sufficient basis upon which to base a denial or granting of a motion for summary judgment. Youngstown Sheet & Tube Co. v. Penn, 363 S.W.2d 230 (S.Ct.); Boswell et al. v. Handley, Tex., 397 S.W.2d 213.

That appellee was the holder of the note and renewal and extension agreement, and what amount is due, is undisputedly established by the affidavit of Mr. Wheeler, the president of appellee Company. He swears positively that the originals of both instruments are, and always have been, among the books and papers of the appellee and that he is in charge of all the books and papers. He also swears positively as to the amount owing and that no part of the debt has been forgiven by appellee, "the holder thereof." Article 5948, Sec. 191, V.A.T.S., defines a holder as the "payee or endorsee of a bill or note, who is in possession of it * * *."

Affirmed.

Judgment rendered.