**Johnny MITCHELL, Appellant,**

v.

**GEOSONIC CORPORATION, d/b/a Triton Drilling Company, Appellee.**

No. 15353.

Court of Civil Appeals of Texas.

Houston (1st Dist.).

Sept. 19, 1968.

Ben H. Rice, III, Houston, Vinson, Elkins, Weems & Searls, Houston, of counsel, for appellant.

Strong & Heyburn, Joseph P. Witherspoon, III, Houston, for appellee.

BELL, Chief Justice.

This is an appeal from a summary judgment rendered against appellant individually for $23,814.28. Suit had been brought August 26, 1967, on a promissory note dated May 15, 1967, payable to appellee and signed by Jade Oil & Gas Company by appellant as President and appellant individually. Jade was not joined in the suit.

Appellee's petition was an ordinarily worded one for a suit on a note. It alleged, among other things, that appellee was the "legal owner and holder" of the note, a copy of which was attached as

"Exhibit A". The copy was not a sworn one nor was the petition sworn to.

Appellant's sworn answer contained a general denial, a special plea that he individually and for Jade signed the note solely as an accommodation to appellee to permit it to use the note as collateral for a loan until stock in Jade was issued to appellee. It is further alleged that the signing was done by both Jade and appellant under the mutual understanding and agreement that the note would be used by appellee solely as collateral. There was also a plea of want of consideration received either by Jade or appellant. There was the further plea that the note was not intended by the parties to be a payment of or in substitution for the obligation of Jade to pay appellee in corporate stock of Jade, and appellee did not receive such a payment of or in substitution for such obligation.

We reverse and remand.

█ The general denial raises the issue as to whether appellee was the owner and holder of the note and places the burden on plaintiff to prove these facts. Schoolcraft v. Channel Construction Co., 397 S.W. 2d 256 (Tex.Civ.App.), n. r. e.; Alexander v. Houston Oil Field Material Co., 386 S.W. 2d 540 (Tex.Civ.App.), n. r. e.; Shahan v. Eakin, 422 S.W.2d 751 (Tex.Civ.App.), n. w. h.; Pat H. Stanford, Inc. v. Franklin, 312 S.W.2d 703 (Tex.Civ.App.), n. w. h. Here there is nothing but the unsworn petition alleging ownership and legal holder of the note by appellee, and this is countered by appellant's general denial. Only an unsworn copy of the note is attached to the petition. Appellee's motion for summary judgment is an unsworn one. The affidavit supporting the motion for summary judgment made by appellee's representative, Mr. Nelson, states that Exhibit A attached to the affidavit is a copy of the note. Nowhere do we find any affidavit or other evidence asserting appellee was the owner and holder of the note. While the judgment recites the court considered "the pleadings, the promissory note introduced herein * * *", it does not recite it was the "original". Rule 166–A (c), Texas Rules of Civil Procedure, provides that on motion for summary judgment there shall be no oral testimony. We will not presume that this was violated by admitting oral proof. Further, everything in the record referred to a copy of the note, and in oral argument both counsel admit only a copy of the note was before the court. It is particularly important in this case, in the light of the record asserting that appellant and Jade were merely accommodation makers for appellee so it could use the note as collateral for a loan, that appellee, the payee, prove it was the legal owner and holder. This could have been done by affidavit, as was done in Schoolcraft v. Channel Construction Co., supra.

█ We are also of the view that appellant's sworn pleading, his answers to written interrogatories, his deposition and his affidavit attached to his reply to the motion for summary judgment raised a fact issue as to want of consideration and that he and Jade were solely accommodation makers for appellee.

Reversed and remanded.