George M. BLAIR, Appellant,

v.

HALLIBURTON COMPANY, Appellee.

No. 6103.

Court of Civil Appeals of Texas, El Paso.

May 27, 1970.

Lynch, Chappell, Allday & Culp, Jimmie D. Oglesby, Midland, for appellant.

Turpin, Smith, Dyer, Hardie & Harman, Thornton Hardie, Jr., Midland, for appellee.

OPINION

PRESLAR, Justice.

This is a case in which summary judgment was rendered for the plaintiff on a promissory note. We reverse and remand for the reason that the appellee-plaintiff's proof was not conclusive that it was the owner and holder of the note.

Appellee filed its petition in this cause with what may be termed the usual averments for a cause of action by the payee of a promissory note against the maker thereof. The petition stated a cause of action sufficient in all respects, and attached to it as an exhibit was a copy of the note. It was not a sworn pleading. The appellant-defendant replied with an unsworn general denial. Appellee then filed its motion for summary judgment, which was also unsworn, and to which there was no reply by the defendant-appellant. Nothing more was filed. Both parties appeared for hearing on the motion for summary judgment, through their attorneys. Counsel for the plaintiff urged its motion, and counsel for the defendant remained silent. In such state of the record, the motion of the plaintiff for summary judgment was granted, allowing recovery of the unpaid principal, interest and attorney's fees.

 Thus we have judgment being granted solely on the pleadings, with a "copy" of a note a part thereof. That is not enough. The general denial raises the issue as to whether appellee was the owner and holder of the note and places the burden on it to prove these facts. Mitchell v. Geosonic Corporation, Tex.Civ.App., 431 S.W.2d 958 (n. w. h.); Schoolcraft v. Channel Construction Company, Tex.Civ. App., 397 S.W.2d 256 (n. r. e.); Alexander v. Houston Oil Field Material Company, Tex.Civ.App., 386 S.W.2d 540 (n. r. e.). Rule 92, Texas Rules of Civil Procedure, provides:

"A general denial of matters pleaded by the adverse party which are not required to be denied under oath, shall be sufficient to put the same in issue."

That this applies to a promissory note is well settled by the above-cited cases and others. Also, the Uniform Commercial Code, Sec. 3.307, V.T.C.A., "Burden of Establishing Signatures, Defenses and Due Course", provides in paragraph (b):

"When signatures are admitted or established, *production of the instrument* entitles a holder to recover on it unless the defendant establishes a defense." (Emphasis supplied).

The purpose of requiring production of the instrument is to show that the instrument has not been transferred or assigned to another; in other words, that the plaintiff is the then holder. Pat H. Stanford, Inc. v. Franklin, Tex.Civ.App., 312 S.W. 2d 703 (n. w. h.); Alexander v. Houston Oil Field Material Company (supra).

Appellee urges that this motion for summary judgment called upon the defendant to reply, and his failure to do so and remaining mute at the hearing leaves no doubt that he has no defense. It is perhaps unfortunate that the matter must be tried again, and that full proof by both parties of their contentions were not placed before the court, but the fact remains that the defendant was not required to do any more than he did to meet such case as was presented against him. He was faced only with pleadings—no proof—and he countered with pleadings. Plaintiff submitted no proof, and his pleadings were of no greater dignity than that of the defendant. This is not the case argued by appellee— that pleadings alone will not raise a fact issue. Such cases are where pleadings are pitted against proof of the kind spoken of in Rule 166–A. Summary judgment is possible only by virtue of Rule 166–A, Texas Rules of Civil Procedure. To entitle a party to a summary judgment, the provisions of this rule must be complied with. Gulbenkian v. Penn, 151 Tex. 412, 252 S.W.2d 929. The burden of demonstrating the lack of a genuine issue of material fact is upon the movant, and all doubts are resolved against him. Gardner v. Martin (1961), 162 Tex. 156, 345 S.W. 2d 274. "In such cases, the question on appeal, as well as in the trial court, is *not* whether the summary judgment proof *raises fact issues* with reference to the essential elements of a plaintiff's claim or cause of action, but is whether the sum-

mary judgment proof *establishes as a mat-of law that there is no genuine issue of fact* as to one or more of the essential elements of the plaintiff's cause of action." Opal Dent Gibbs et al. v. General Motors Corporation, Tex., 450 S.W.2d 827 (Feb. 14, 1970).

Being of the opinion that the court erred in granting the motion for summary judgment, the judgment is reversed and the cause remanded for trial.